SAMUEL DOLLMAN v. DORRIS HARRIS, *et al.*

*Error from Shawnee County.*

1. HOMESTEAD: WIFE'S MORTGAGE OF.—A mortgage of the homestead, executed by the wife alone, is void, notwithstanding the legal title to the same may be in her, and not in her husband.
2. PARTIES —In an action brought to foreclose such a mortgage, the husband is a proper party; and if the action is brought against the wife alone, there is a defect of parties, defendant.

The opinion of the court in this case contains a sufficient statement of the facts thereof.

*Douthitt & Spencer*, for plaintiff in error.

*A. H. Case*, for defendants in error.

*Case, for defendants*, insisted:

1. The husband was a proper party, having an interest in the subject of the suit. *Civ. Code*, '59, § 42; *Comp. L.*, 130, 131, §§ 47, 48.

2. The mortgage was void for every purpose, abso-

lutely; a sale under a decree foreclosing the same would be set aside. *Cusic v. Douglas*, 3 *Kas.*, 123; *Root v. McGrew*, *id.*, 216.

3. Such a mortgage is not even a lien on the premises and conveys no interest to the purchaser, [*Morris v. Ward, Ante*, 239,] and a judgment thereon would be no lien.

*By the Court*, VALENTINE, J.

This is an action upon a promissory note and mortgage.

The plaintiff, Samuel Dollman, commenced the action against Dorris Harris, alone. She answered his petition, and in the first count thereof set forth substantially the following facts:

She and the other defendant, Alonzo S. Harris, are husband and wife. They, together with their family, consisting of five children, have resided on the mortgaged property, and held it as a homestead, ever since before the said mortgage was executed. The mortgaged property contains less than one acre of land, and is situated in the city of Topeka, an incorporated city. The title to the same is in the wife, and not in the husband; and she mortgaged the same while it was a homestead, without the consent of the husband. The said mortgage was not given for the purchase money of said land, nor for any improvements made thereon, nor for any tax. She therefore claims, in her answer, that there is a defect of parties defendant; that her said husband is a necessary party. The plaintiff demurred to this count of her answer, but the court overruled the demurrer, which the plaintiff claims is error.

The said husband moved the court for leave to file an answer, and to be made a party defendant in the case, which motion the court sustained, and this the plaintiff claims is error. The said Alonzo S. Harris then set forth in his answer substantially the same facts as were set forth in the first count of the answer of his wife, and asked that their homestead should not be subjected to said mortgage. The plaintiff demurred to this answer also, but the court overruled the demurrer, which the plaintiff claims is error.

HOMESTEAD:
Mortgage of
Wife on.

These are the errors complained of, but we think the court committed no error. The mortgage was not executed with "the *joint consent* of the husband and wife," as the constitution requires. [*Sec.* 9, *Art.* 15.] In the case of Morris v. Ward, [*Ante*, 239,] we held that a mortgage of the homestead, executed by the husband alone, is void. In this case we hold that a mortgage of the homestead, executed by the wife alone, is void, notwithstanding the legal title to the same may be in her, and not in her husband.

PARTIES TO Ac-
tion on Home-
stead Mortgage.

The facts set forth in the first count of the wife's answer show a defect of parties defendant, and said first count is, therefore, a good plea in abatement, [*Sub.* 4, § 96, *and* § 98 *of the Code*; *Comp. L.*, 140,] and hence the demurrer thereto was properly overruled.

The husband was undoubtedly a proper party to the action, for how could the court foreclose the mortgage against the wife and evict her from the premises, and at the same time save the right of the husband to occupy the same, together with his family, as a homestead? [§§ 42, 47, *of the Code*; *Comp. L.*, 130, 131.] The husband undoubtedly had a right to contest any proceeding that

attempted to take away his homestead from him, and therefore the court did not err in allowing him to be made a party, defendant.

The facts set forth in the husband's answer constituted a good defense to the plaintiff's action, and therefore the demurrer to said answer was properly overruled. The judgment of the court below is affirmed, and the cause remanded for further proceedings.

All the justices concurring.