**MOSES GREENO v. J. BARNARD,** *et al.*

1. JUDGMENT *on Promissory Note, for Purchase-Money, Not Lien on Land.* A judgment on an ordinary promissory note given for the purchase-money of real estate, declaring that the debt is a lien on such real estate, and ordering that the same be sold to satisfy such debt, is erroneous; and it makes no difference whether such real estate is occupied as a homestead, or not.

2. ———— The judgment in such a case should be an ordinary personal judgment against the defendant for the amount of the note, and costs, authorizing an ordinary execution to be issued against the property in general of the judgment-debtor subject to execution; and on such an execution the officer, after exhausting the personal property of the judgment-debtor subject to execution, might levy on such real estate (or on any other real estate of the judgment-debtor subject to execution) whether the real estate first mentioned were occupied as a homestead or not.

3. VENDOR'S LIENS, *Discussed*—cases cited, and case of *Pratt v. Topeka,* 12 Kas. 570, explained, and distinguished.

*Error from Johnson District Court.*

BARNARD and another, as trustees, etc., recovered a judgment against *Greeno,* at the November Term 1875 of the district court. *Greeno* brings the case here.

*Cobb & Cook,* for plaintiff in error.

*A. Smith Devenney,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on three promissory notes. The first of said notes reads as follows:

$200.                    WESTPORT, Mo., MARCH 20th, 1873.

Sixty days after date, I promise to pay to the order of J. Bernard and William M. Johnson, trustees for Margaret J. Johnson, two hundred dollars, with interest from date at ten per centum per annum. Value received.

M. GREENO.

The other two notes were precisely like this, except that both were payable "twelve months" after date, and the sec-

ond ᴠwas for "$100," and the third note drew interest "after maturity." Said J. Bernard and William M. Johnson, trustees of Margaret J. Johnson, were the plaintiffs below, and said Greeno was the defendant below. The plaintiffs' petition contained the usual allegations contained in petitions on like notes, and also contained the following additional allegations and prayer for relief:

"And the plaintiffs further state, that said promissory notes, all and singular, were given by the defendant to the plaintiffs, as and for a part and parcel of the purchase-money, for the following described premises, situate in Johnson county, state of Kansas, on which defendant now resides, to-wit:" [*here follows description of the premises;*] "upon which said premises the plaintiffs claim a lien for the said several sums of money and interest; and the plaintiffs ask that such lien be declared, and that the said premises be ordered appraised, advertised, and sold according to law, and that the proceeds of such sale be applied, first, to the payment of the costs, and second, that the residue be applied to the payment of the judgment to be rendered on said promissory notes, and that the plaintiffs have such other and further relief in equity as the proofs may entitle them to in the premises."

The defendant's answer contained a general denial of each of the plaintiff's causes of action, and then stated that, "The defendant admits that said promissory notes, all and singular, were given as and for part of the purchase-money for the real estate mentioned in plaintiff's petition; and further says, that plaintiffs sold defendant said real estate mentioned in plaintiff's petition, and gave defendant his warranty deed therefor, agreeing to warrant and defend the same in the peaceable possession of the defendant forever against all persons whatsoever having or claiming any legal title or interest therein"—and then set up a breach of said warranty, and asked judgment in favor of the defendant and against the plaintiffs for $200. The plaintiffs replied, denying "each and every allegation in said answer contained, except that portion of the answer admitting the execution and delivery of said several notes sued upon by the plaintiffs, and also

excepting that portion of the answer admitting that the said several notes were given for the purchase-money of the premises described in said petition."

The defendant's answer was afterward by leave of the court withdrawn from the case, and the defendant made no further appearance in the case. An entry was then made by the court, that the defendant was in default, and that the several allegations of the petition would be taken as true against him. Of course judgment should then have been rendered in favor of the plaintiffs, and against the defendant, upon the allegations of the petition. There was really nothing in the case to try, after said answer was withdrawn. But nevertheless, the record shows that the case came on for trial, that the plaintiffs waived a jury, that the case was tried by the court, that "the court having heard the evidence on the part of the plaintiffs, and being well advised in the premises, finds for the plaintiffs, and assesses their damages" at $597.13, the amount of said notes, that said amount is purchase-money for said land described in the plaintiffs' petition, and that the plaintiffs have a lien on said land for the amount of said purchase-money; and the court then renders a personal judgment in favor of the plaintiffs and against the defendant for said amount, and in addition thereto renders a judgment that said land be sold to satisfy said personal judgment.

The defendant now brings the case to this court, and complains of that portion of said judgment which orders that said land should be sold: He claims that the court below erred in finding that the plaintiffs had a lien for the amount of said notes on the defendant's land, and also erred in rendering judgment for the sale of said land. These are the only questions in the case. We think the court below did so err. There is no such thing in this state as a vendor's lien created by mere operation of law, or by mere force of the rules of equity. (*Simpson v. Mundee*, 3 Kas. 172; *Brown v. Simpson*, 4 Kas. 76; and as explanatory of these cases, see *Stevens v. Chadwick*, 10 Kas. 406; *Smith v. Rowland*, 13 Kas.

245; *Seitz v. U. P. Rly. Co.*, 16 Kas. 133.) Vendors' liens can be created in this state only by the parties themselves, and can be created only by express stipulation in writing to that effect, or by an agreed reservation of the title in the vendor at the time of the sale as security for the purchase-money. Whether the land in this case was "occupied as a residence by the family of the owner," (who is the defendant,) so as to make it his homestead under the homestead-exemption laws, is hardly shown in this case; but that does not make any difference. A lien for purchase-money cannot be created on a homestead in any different manner than it can be created upon any other real estate. The homestead-exemption laws do not make any difference. (*Nichols v. Overacker*, 16 Kas. 58.) Indeed, there is no homestead-exemption law as against purchase-money. As to purchase-money, the homestead is just like any other real estate, and governed by the same rule as other real estate. A homestead may be sold on an execution for the purchase-money; but the judgment rendered for the purchase-money is no more a lien on the homestead than it is on any of the other real estate belonging to the judgment-debtor. The debt for the purchase-money would not be a lien on any of the real estate of the judgment-debtor until the judgment were rendered, and then the judgment would be a lien on all the real estate of the judgment-debtor, including the homestead; and if there were no personal property, any of such real estate might be sold to satisfy such judgment. And in all cases, where the judgment is not a specific lien upon any particular property of the judgment-debtor, he has an undoubted right to have his personal goods (subject to execution) exhausted first, before any of his real estate is taken to satisfy the judgment. (*Koehler v. Ball*, 2 Kas. 161; Gen. Stat. 714, 715, § 448.) And after all of his personal goods have been exhausted, he still has the right to take the chances of the officer levying on some other real estate before levying on his homestead. The judgment in this case deprives the judgment-debtor of these rights, and is therefore erroneous.

34—18 KAS.

If the land in this case is a homestead, and if the judgment-debtor has a wife, the judgment is erroneous for still another reason.   It is an adjudication concerning the homestead where only the husband is a party. (*Morris v. Ward*, 5 Kas. 239; *Dollman v. Harris*, 5 Kas. 597.)   The judgment in this case should have been an ordinary personal judgment against the defendant for the amount of the notes and costs, authorizing an ordinary execution to be issued against the property in general of the judgment-debtor subject to execution; and on such an execution, the officer, after exhausting the personal property of the judgment-debtor subject to execution, might levy on the real estate for which said notes were given, (or any other real estate of the judgment-debtor subject to execution,) whether the real estate for which said notes were given was occupied as a homestead or not.

Perhaps before closing this opinion we should say something with reference to the case of *Pratt v. Topeka Bank*, 12 Kas. 570.   In that case a mortgage was executed by the husband alone to secure a portion of the purchase-money for the homestead of himself and wife, and also to secure certain other money.   The mortgage however did not show how much of the money was purchase-money, or how much was other money.   Now it might seem from the opinion in that case, that the court intended to hold that the mortgage was void as to the purchase-money as well as to the other money, but nevertheless that the judgment to be rendered in the case should be made a specific lien upon the homestead for the purchase-money.   Such was not intended however by the court.   The court intended to hold, that the mortgage was void only as to that portion of the money it secured which was not a part of the purchase-money, and that it was valid as to the purchase-money, and therefore and for that reason that the judgment for the purchase-money should be made a specific lien on the homestead.   In the opinion of that case (page 572,) where it states that the mortgage was "invalid for the purpose of establishing any lien upon the homestead,"

it was intended to refer to the mortgage as an entirety, as including both funds in the aggregate as one fund, and had no reference to the purchase-money as a separate and distinct fund.

That portion of the judgment rendered in the present case, which orders a sale of the lands mentioned in such judgment, will be reversed, and the cause will be remanded with the order that said judgment be so modified as to correspond with the views expressed in this opinion.

All the Justices concurring.