ELVIRA DEAN v. H. H. McADAMS, *Sheriff of Harvey County.*

1. MECHANIC'S LIEN LAW, *Not Complied With; Judgment, No Lien.* W. sued C. on certain promissory notes, executed by C. for materials· furnished by W. for the erection of improvements on the homestead of C., and which were so used. She joined the wife of C. as a party defendant, and asked in her petition that the amount sued for should be declared a lien upon such homestead. W. had not attempted in any way to comply with the mechanic's lien law. *Held,* That W. had no lien, and was not entitled to the foreclosure of any lien upon the homestead; and further, *held,* that a conveyance of the homestead, in good faith and for a valuable consideration, to D., pending such action, but prior to the term of the court at which judgment was rendered, transferred to D. the property free from any judgment lien in the case.

2. ——— *Injunction Refused; Error.* After D.'s purchase of said real estate, she voluntarily appeared in the action and filed an answer, asking that the prayer of W. for a lien on the premises be refused. On the trial, only a personal judgment was rendered against C. Upon the execution issued upon said judgment, the premises purchased and owned by D. were levied upon and advertised for sale; thereupon D. brought her action to enjoin the sale of her property under such execution, and applied to the court for a temporary injunction. *Held,* That the judgment in favor of W. is no ground for a refusal to grant the order to restrain the sale of D.'s property.

*Error from Harvey District Court.*

MARIA WIEBE sued J. W. Crawford upon certain promissory notes, alleging that the notes were given for lumber furnished to Crawford, and used by him in the erection of a dwelling-house on a lot in the city of Newton, occupied by Crawford and his family as a residence. Wiebe also joined the wife of Crawford as a defendant, and in the prayer of her petition asked the court to declare the amount of the judgment to which she was entitled a lien upon the real estate. Upon her own motion, Elvira Dean became a party defendant in the suit, and filed an answer setting up her claim and interest in said premises. Among other matters, she alleged that on March 31st, 1877, she purchased of Crawford and his wife the real estate described in the petition

·of Maria Wiebe for the sum of $1,200; that she purchased this real estate without any knowledge of the existence of the claim of said Wiebe, and that by virtue of her purchase and the payment of the purchase-money, she was the owner in fee of the property; that at the time Crawford obtained the material for which he was sued, the premises sought to be subjected to the claim of said Wiebe were his homestead and the property exempt from any lien or incumbrance on account of the claim. In her answer, she asked that the prayer of Wiebe for a lien on the premises should be refused. The suit of Maria Wiebe was commenced on February 12, 1877, and was tried on October 1, 1877. The court rendered judgment in the case for $148.74, with costs, against John W. Crawford. Afterward, an execution was issued out of the court upon the judgment against John W. Crawford, and by virtue of the execution the premises purchased by the plaintiff in error of the Crawfords, on March 31, 1877, were levied upon, appraised, and publication of sale made by the ·sheriff of Harvey county. On July 15, 1879, the plaintiff filed her petition against the defendant in error as sheriff, to ·enjoin him from selling the property. She alleged in such petition that she was the owner in fee of the real estate, and that the sale, if permitted, would cast a cloud upon her title and cause her a great and irreparable injury. The application for a temporary injunction in the case was heard on September 2, 1878, at which time it was denied. Exceptions were properly taken, and allowed. The case has been ·brought here by the plaintiff.

*Ady & Grattan*, for plaintiff in error:

1. The court could not declare the judgment in Wiebe v. ·Crawford a lien upon any particular piece of land; but when judgment was rendered it would be a lien upon all defendant's real estate alike. (18 Kas. 518.)

2. At the time of judgment in the above case, Crawford and wife had no interest in the real estate, and hence the finding of the court that the judgment rendered was a lien

upon their interest in that particular tract of land was not only erroneous, but it reached nothing.

3. The finding that a purchaser after the suit was brought was charged with notice of the attempt to create a lien upon the premises, amounts to nothing, because the court could not and did not make it a lien upon the property.

4. The judgment of the court did not recognize any lien or charge upon the real estate. In such case the judgment must order "a sale of the property charged, and an application of the proceeds." (Code, § 399.)

5. No such judgment was rendered, and hence Wiebe failed in that portion of her action which attempted to charge this specific property. Only an ordinary money judgment was rendered against Crawford, and nothing against Dean.

6. Only what is tried and decided is an estoppel. (Freeman on Judgments, § 258.)

*A. L. Greene,* for defendant in error:

1. The record does not show affirmatively that the court below could not declare the judgment against Crawford a lien upon the land described; neither does it show a state of facts to which the decision in 18 Kas. 518, is applicable.

2. An action to foreclose a materialman's lien upon real estate, is pending so as to charge notice from the date of filing the petition. The record shows Dean to have purchased after the filing of the petition.

3. The record shows that the court below declared the judgment against Crawford, *et al.,* to be a lien upon the real estate claimed by Dean.

4. A judgment decreeing a lien upon real estate is neither void nor voidable, because it does not order the real estate sold to satisfy such judgment.

In the case of Wiebe v. Crawford, *et al.,* the court had jurisdiction of all the parties and the subject-matter of the action. All the material facts set forth in the application for the injunction were contained in Dean's answer in that case, and put in issue by Wiebe's general denial and passed upon by the court.

The judgment in that case is not only conclusive upon Dean as to what was tried and decided, but also conclusive as to every matter which the parties might have litigated and had decided as incident to or essentially connected with the subject-matter of the litigation, and every matter coming within the legitimate purview of the original action, both as to matter of claim and defense. (37 N. Y. 74.)

Wiebe must have complied with the law in order to create the lien which the court has perpetuated by its judgment and decree; and if Dean ever had any legal or equitable rights to the land in question, she has by her own laches lost them.

The opinion of the court was delivered by

HORTON, C. J.: The claim of counsel for the defendant is, that the ruling of the district court denying a temporary injunction to restrain the sale of the real estate of the plaintiff under the execution issued against John W. Crawford, *et al.*, was not erroneous, for the reasons: *First*, That an action was pending to foreclose a lien when the plaintiff purchased the premises in controversy, and as she was charged with notice of this action from the date of the filing of such petition, she could not acquire any title or interest against the lien; and *second*, that as she was a party defendant in the action of Wiebe v. Crawford, *et al.*, she ought to have obtained, if she was entitled thereto, her injunction in that suit, and that, if she ever had any legal or equitable rights to the land levied upon, she had lost them by her own laches. These reasons are not sufficient. The pendency of the action of Wiebe v. Crawford would not prevent a sale of the premises to a party purchasing in good faith and for a valuable consideration. A lien for the erection of improvements cannot be created on a homestead in any manner different from its creation upon any other real estate. A homestead may be sold on an execution for purchase-money, or for the erection of improvements; but the judgment rendered for such purchase-money, or for the erection of improvements thereon, is no more a lien on the homestead than it is on any of the other real estate

belonging to the judgment debtor. It certainly is no lien on property sold in good faith prior to the first day of the term of the court at which such judgment was rendered. (*Greene v. Barnard*, 18 Kas. 518.)

At the time the action of Wiebe v. Crawford, *et al.*, was commenced, no attempt had been made by Wiebe to comply with the mechanic's-lien law, and no lien for the erection of improvements existed on the property. The attempt to foreclose the pretended lien for the erection of improvements failed (as it ought to have done), as there was no lien to be foreclosed. Only a personal judgment was rendered for the amount due on the promissory notes against John W. Crawford, the maker of the notes, and only an ordinary execution was issued. On such an execution, the defendant in this case, as sheriff, after exhausting the personal property of said J. W. Crawford subject to execution, might have levied on the real estate of said judgment debtor; and had there been no valid sale of his homestead before the first day of the term at which the judgment was rendered, he might have levied on said homestead. The sale to the plaintiff deprived him of the right of such levy. The plaintiff in this action was not compelled to ask for any order of injunction in the suit of Wiebe v. Crawford, *et al.* To protect her rights, she appeared voluntarily in that case and filed her answer, asking that the prayer of said Wiebe for a lien on the premises should be refused. She was successful in her application. Only a personal judgment was rendered. The court, it is true, found as conclusions of law certain matters tending in some degree to carry out the theory of counsel for defendant, that the sum sued for was a lien on the premises, but no order was made for the sale of the real estate, or for any application of the proceeds thereof; nor were such conclusions of law embodied in the judgment, nor was this plaintiff in any way enjoined or barred from setting up and claiming the interest and title to the property which she asserted in her answer. Under these circumstances, she has nothing to complain of in the judgment rendered against J. W. Crawford. Neither does

that judgment give any authority to the defendant, as sheriff, to levy upon and sell the property of this plaintiff on an execution issued against the property of said J. W. Crawford.

The order and ruling of the district court will be reversed, and the case remanded with directions to said court to grant said temporary injunction to restrain the defendant from selling the land of the plaintiff, under the execution issued against the property of John W. Crawford.

All the Justices concurring.