## JOHN DAVIES v. A. J. COLE.

WIFE, *When not a Necessary Party.* Where a plaintiff alleges that he is the legal owner of and in the actual possession of a quarter-section of land; that he is a married man and the head of a family; that the defendant sets up some title to the land under a conveyance from a grantor, who has fraudulently obtained from the plaintiff a deed in which his wife did not join, and asks that his title thereto be quieted, the wife is not a necessary party plaintiff.

### Error from Dickinson District Court.

ACTION brought by *Davies* against *Cole*, to quiet his title to certain land in Dickinson county. Trial at the February Term, 1882, of the district court, and judgment for defendant. Plaintiff brings the case here. The opinion states the facts.

*Mahan & Burton,* and *Stambaugh & Hurd,* for plaintiff in error.

*Culbertson & Mead,* and *Case & Curtis,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by plaintiff in error against the defendant in error to quiet his title to one hundred and sixty acres of land in Dickinson county. Plaintiff alleged in his petition that he was a married man, the head of a family, and the legal owner of and in the actual possession of the premises, occupying the same as a homestead; that the defendant claimed title under a deed executed to him by one Needham; that Needham fraudulently obtained the signature of the plaintiff to a blank form of deed which was afterward fraudulently filled up as a conveyance to himself of the premises, and filed of record without the knowledge or consent of plaintiff; that plaintiff never acknowledged said deed, and that the wife of plaintiff never joined in the execution of said pretended conveyance or ever consented to any alienation of the homestead, and that the defendant had notice of all these facts when he accepted the conveyance from Needham. The defendant demurred to the petition upon the ground that there was a defect of parties plaintiff in the action, in this, that the wife of the plaintiff was a necessary party. The court sustained the demurrer, and rendered judgment for defendant for costs.

It is the contention of the defendant, that because the petition set forth that the premises therein described were a homestead, it disclosed the fact that the wife was a necessary party to the action. We do not think this necessarily follows. For the purposes of the demurrer, the allegations of the petition are to be taken as true. If true, the so-called conveyance to Needham set forth in the petition is absolutely void; and the plaintiff being in the actual possession of the premises, the defendant and every other person was bound to take notice of his homestead interests. (*Moore v. Reaves,* 15 Kas. 150;

*Chambers v. Cox*, 23 Kas. 393.) If the premises were a homestead, the separate deed of the plaintiff, even if lawfully obtained, did not divest him of title, nor estop him from alleging the deed to be a nullity; and being the owner of the premises and in the possession thereof, he was entitled under § 594 of the code to bring his action against the defendant without making his wife a party plaintiff. Her interest therein was in no way adverse to him, and upon the facts stated in the petition the wife was not so united in interest with plaintiff as to render it necessary for her to be joined as a plaintiff. We do not decide that the defendant might not have obtained the consent of the court to make the wife a party. This point is not presented. All that we do decide is, that the facts set forth in the petition do not show a defect of parties plaintiff, and therefore that the court erred in sustaining the demurrer. This is not like an action brought against the wife alone, to foreclose a mortgage upon a homestead, (*Dollman v. Harris*, 5 Kas. 597,) nor like the case of *Revalk v. Krœmer*, 8 Cal. 66, to which we are cited.

Counsel suggest that if the plaintiff could maintain the action he could compromise it. In the absence of the wife being a party, of course he could not conclude by any compromise any of her rights, nor would any compromise in the case affect his right to the homestead not consented to by the wife, any more than the separate execution of a deed by himself.

The order and judgment of the district court will be reversed, and the case remanded with direction to the court below to overrule the demurrer.

All the Justices concurring.