SAMUEL FULLER et al. v. M. J. IRVIN.

1. NOTE, *Given for Land Purchased—No Vendor's Lien.* S., as grantor, made and delivered a deed conveying certain real estate to M., and took the promissory note of M. as a part consideration for the land conveyed, and the note was signed by M., his wife, and another party as surety thereon, and the note contained a statement that it was given in consideration of part purchase of the real estate, describing the same. *Held,* That the note does not create a lien upon the lands conveyed.

2. MORTGAGE—*Foreclosure—Subrogation.* Where a party purchases lands that are incumbered by mortgage, and after he takes

possession thereof pays to the mortgagee part of the money secured by the mortgage, and other parties are interested in the land, upon a foreclosure of the mortgage for the unpaid balance due, the purchaser who has paid part of the money due under the mortgage is entitled to be subrogated to the rights of the mortgagee so far as the amount he has paid to protect the land against the lien of the mortgage.

MEMORANDUM.—Error from Bourbon district court; S. H. ALLEN, judge. Action to recover on a promissory note and to foreclose a mortgage given to secure its payment. Judgment for plaintiff, D. F. Coon. The defendants, Samuel Fuller and others, bring the case here. Modified. All the material facts are stated in the opinion herein, filed July 16, 1895.

*C. E. Cory*, for plaintiffs in error.

*Ed. C. Gates*, for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J.: This was a suit on a note and mortgage, brought by D. F. Coon, assignee of W. T. Frankenberger, on one certain promissory note executed by John W. Shaw and his wife, Leonica T. Shaw, dated November 8, 1883, to W. T. Frankenberger, for the sum of $65, due in March, 1886, with 10 per cent. interest from date. To secure the payment of this note and another note of $70, due March 1, 1885, Shaw and his wife executed a mortgage on a certain tract of land then owned by them, situated in Bourbon county, Kansas. The mortgage was duly executed and recorded in the proper office. Before this note became due, Frankenberger sold and indorsed it to D. F. Coon. A copy of this note is attached to the petition of the plaintiff, D. F. Coon, with certain payments indorsed thereon. Plaintiff prays for a judgment against John W. Shaw, Leonica

T. Shaw and W. T. Frankenberger, for the amount
due on the note, to wit, $75 and interest, and for a
foreclosure of the mortgage. The defendant, M. J.
Irvin, filed an answer and cross-petition, in which he
set out that on the 15th day of May, 1884, John W.
Shaw and Leonica T. Shaw, being the owners of the
premises described in the mortgage to Frankenberger,
sold and conveyed the same unto one Jack McNair,
and, as a part consideration for the purchase-money
for said lands, Jack McNair and Cynthia McNair, his
wife, and Huston Brice executed and delivered to the
said John W. Shaw their certain promissory note, in
writing, whereby they promised to pay to the order of
John W. Shaw, two years after date, the sum of $115,
with interest from date at the rate of 10 per cent. per
annum; that said note contained a statement therein
that it was given for the purchase of lands, describ-
ing the same-lands that are described in the mortgage
to Frankenberger; that Shaw, thereafter, for value,
before maturity, indorsed said note in writing to Irvin
& Lewis; that on the 18th day of October, 1884,
Jack McNair died; that afterward, Cynthia McNair,
widow of Jack McNair, deceased, married Huston
Brice, and said Cynthia and Huston are now living
together as husband and wife; that on the 5th day of
April, 1887, they executed and delivered to Irvin &
Lewis their promissory note, and thereby promised to
pay to said Irvin & Lewis, December 1, 1887, the sum
of $48.54, with 10 per cent. interest from date; that
Irvin & Lewis are the owners and holders of said note,
and that a copy of the note is attached to his answer
and cross-petition; that on said 5th day of April, 1887,
said Cynthia Brice and Huston Brice executed and
delivered their certain other promissory note to said
Irvin & Lewis for the sum of $100, due one year after

date, with interest at 10 per cent. per annum from date, and that a copy of said note is attached to his answer and cross-petition; that said two promissory notes were in renewal of the note given to Jack McNair and Cynthia McNair and Huston Brice to John W. Shaw as a part of the purchase-money of the premises described in the mortgage to Frankenberger; that on the execution of said two notes by Cynthia Brice and Huston Brice it was agreed, and is so stated in the mortgage executed at the same time to secure said notes, that the consideration of said notes was pur-chase-money for the property described in said mortgage; that on the 5th day of April, 1887, Cynthia Brice and Huston Brice, for the purpose of securing the sums of money to become due on said notes, made, executed, and delivered to said Irvin their certain mortgage, and thereby conveyed said lands and tenements to them (being the same lands described in the Frankenberger mortgage); that said mortgage was duly recorded in the office of the register of deeds of Bourbon county, Kansas, and that a copy of the mortgage is attached to his answer and cross-petition; that the notes are past due, and are unpaid.

Irvin, in his answer and cross-petition, alleged that D. F. Coon, John. W. Shaw, Leonica T. Shaw, Martha Fuller, Rosetta Shields, Dora Riley, Alfred McNair (minor), George McNair (minor), Mary McNair (minor), each claims to have some interest in said lands, but he alleged that whatever interest they have therein is inferior and subordinate to the lien of Irvin & Lewis for purchase-money and mortgage lien, and prayed for judgment against Cynthia Brice and Huston Brice for the amount due on said notes, with interest, and for a decree of foreclosure of said mortgage, forever barring all of the defendants. Lewis after-

wards assigned his interest in the note and mortgage to M. J. Irvin. Thereafter David Fuller and Martha Fuller filed their answer and cross-petition. They admitted that the note and mortgage set up in the petition of Coon were executed as therein alleged, but they denied each and every other allegation in said petition. By way of affirmative relief, they alleged that, after the mortgage and notes were given, about January, 1886, Jack McNair owned the land described in plaintiff's petition, and at that time he died, leaving as his sole surviving heirs Cynthia McNair (now Cynthia Brice), Martha Fuller, wife of David Fuller, Rosetta Shields, Dora Riley, Alfred McNair (a minor), George McNair (minor), and Mary McNair (minor), the last six named being children of said Jack McNair, deceased.

On March 26, 1886, Cynthia McNair (now Cynthia Brice) sold her interest in the land described in the petition of plaintiff (Coon) to these defendants, and they took possession of the same in pursuance of said sale, and they have ever since had and now have exclusive, peaceable possession of said real estate and are the owners thereof. Cynthia McNair has since said sale intermarried with one Huston Brice. A part of the consideration of the purchase of said land was the payment by these defendants of the first note described and copied in the mortgage set out as an exhibit to plaintiff's petition. Defendant Cynthia (McNair) Brice agreed to pay the other note, that is, the note upon which plaintiff sues, and was to protect these defendants against said mortgage. Afterward, she and the rest of her family could not keep up the interest on plaintiff's note, and in order to protect the property, in which these defendants were cotenants with other defendants above named, these

defendants paid interest on plaintiff's note, as partly shown by indorsements set up in the plaintiff's petition, to the amount of $36.50, all of it before the last of 1886. These deféndants now own fifteen-twentieths of said real estate, and have a lien on the balance of the land for $36.50, with interest at 10 per cent. per annum from January 1, 1887. Long after the happening of these events, defendant Cynthia Brice and her husband, Huston Brice, executed the note and mortgage to Irvin & Lewis on which they base their cross-petition. Said mortgage is junior, inferior, and subordinate to the rights of these defendants, and they ask that all the heirs be made parties to this suit and be required to answer the same and to be subrogated to the rights of the mortgagee to the extent paid by them, and on the foreclosure of said mortgage, after paying costs and judgment, they be decreed fifteen-twentieths of the money, and that it be sold free and clear of all claims of defendants Irvin & Lewis.

Cynthia Brice and Huston Brice appeared and filed an answer and cross-petition, in which they admitted the giving of all the notes set out in plaintiff's petition and in the cross-petition of defendant Irvin, and denied the sale of the land to Fuller, and alleged that there was a certain note given by Jack McNair, his wife Cynthia McNair, and Huston Brice to John W. Shaw for the sum of $115, dated May 15, 1884, due two years after date, payable to John W. Shaw, and was given for part of the purchase-money of the mortgaged premises, and so stated in said note ; and said note was sold and indorsed in writing to Irvin & Lewis. They also admitted that at the death of Jack McNair he left surviving him the persons named in the answer and cross-petition of David Fuller as his heirs at law, and averred the facts to be, that shortly after the death of Jack McNair, said David Fuller and

Martha Fuller came to said Cynthia McNair and requested permission to occupy said premises, and then and there agreed in consideration of such occupancy to pay the taxes and keep up the improvements and to assist her in paying for the farm, and that when she sold the premises that they should be paid back the amount of money they advanced in paying off said incumbrance on said premises, after deducting a reasonable sum for the use of said premises; that, on the 8th day of November, 1884, she paid the interest then due on the mortgage amounting to $13.50, which she claims with 10 per cent. interest from November 8, 1884; that Fuller failed to pay taxes and keep up improvements, and neglected the same to her damage, etc., and that she is now the owner of one-half interest in said lands, and that the rental value of the same during the time Fuller has been in possession is $200, and demanded judgment for this sum, and on the foreclosure of the mortgage the money be distributed as follows: (1) Payment of the costs of the action; (2) payment of taxes; (3) plaintiff's mortgage; (4) Irvin's claim for purchase-money; (5) payment of her claim for $13.50 with 10 per cent. from November 8, 1884; (6) the residue to be divided into two parts, one-half to herself, and the other half to the heirs of Jack McNair. David Fuller and his wife answered the cross-petition of Irvin specially denying that defendants Brice and Brice had any interest in the land when they executed the mortgage. Defendant Irvin replied to the answer of Fuller and Fuller by general denial. This action was tried by the court without a jury, and the court made special findings of facts and conclusions of law, and found the facts as follows:

"John W. Shaw owned the land March 14, 1884,

and on said day mortgaged it to W. T. Frankenberger ; Frankenberger indorsed the note, before due; to D. F. Coon.   On the 14th day of March, 1884, Shaw sold said land to Jack McNair, who assumed the payment of the mortgage of Frankenberger.   Jack McNair also gave his note, signed by himself and Cynthia McNair, with Huston Brice as surety thereon, to Shaw for the sum of $124 ; the note recited that it was given in part payment of the purchase of said lands ; neither Jack McNair nor his wife ever lived on the lands.   In 1885, Jack McNair died, leaving as his heirs Cynthia McNair (his widow) and six children, one of whom was a daughter, who is one of the defendants, Martha Fuller, wife of David Fuller.   In 1886, David Fuller went into possession of said lands as tenant of Cynthia McNair, and commenced to improve the same.   Afterward, in the same year, at the request of Cynthia McNair, he paid $72 to the then owner of plaintiff's mortgage, that being the amount of the first note, and took up the note ; he also paid, in the same manner, $20 on the second note set up in plaintiff's petition in said mortgage ;   shortly thereafter Cynthia McNair sold to David Fuller her one-half interest of said lands ; she executed, acknowledged and delivered a deed of conveyance of the same to David Fuller, but the deed was lost and never recorded.   Fuller held possession of the farm, claiming ownership under said purchase, ever since.   On April 5, 1887, defendant Irvin, who had bought before maturity the $124 note given by McNair [to show for the purchase of said land which was then past due,] surrendered the note to Mrs. McNair, who, in the meantime, had married defendant Huston Brice, and took the note and mortgage set up in his answer and cross-petition, Irvin having full knowledge of plaintiff's mortgage. Irvin's mortgage recited that it was given for the purchase-price of real estate.''

As conclusions of the law the court found as follows :

''1.  That plaintiff D. F. Coon should have a first lien on the farm for the amount due on his note, to wit,

$83, with 10 per cent. interest from date of his judgment.

"2. That defendant Irvin should have a second lien on all of said real estate for the amount of his note, said Irvin having acquired his rights by virtue of the mortgage set up in his answer.

"3. Defendant Fuller .is entitled to any balance that remains over after the above liens are satisfied.

"4. Defendant Irvin when he took his mortgage was not bound to take notice of the character or basis of defendant Fuller's possession, because Irvin knew that Martha Fuller, wife, was daughter of Jack Mc-Nair, deceased, and hence had a right to presume that Fuller held as heir for the other heirs as well. Defendant Fuller is not entitled to be subrogated to any rights under plaintiff's mortgage, nor entitled to anything until after defendant Irvin's claim is fully satisfied."

To every finding of fact and conclusion of law, and to the judgment, defendant David Fuller duly excepted. Thereafter, on the 5th day of January, 1891, David Fuller filed his motion to modify said judgment and decree so that his rights in the land involved be declared prior and paramount to that of defendant Irvin; that the decree as it stands is contrary to the findings of fact, and is not supported by them, and is contrary to law. This motion was overruled, to which defendant Fuller excepted, and on January 5, 1891, defendant David Fuller filed his motion that the judgment and decree be set aside, and for a new trial for error occurring on the trial of said cause, and that the judgment should have been for defendant Fuller; that the judgment is contrary to the evidence and contrary to law. The motion was overruled by the court, and defendant Fuller duly excepted, and 30 days' time was given to make and serve case for the supreme court.

The principal question in this case is, first, did M.

J. Irvin have a lien on the mortgaged premises by reason of the indorsement by Shaw to him of the $124 note of Jack McNair *et al.*, which was given in consideration of the purchase-price of the real estate? In other words, does the vendor of real estate, where he executes to the vendee at the time of the sale a deed for the same and takes his promissory note for the purchase-price thereof, have a lien on the premises so sold? The supreme court, in a very early period in the judicial history of this state, decided that there is no such thing as a vendor's lien under our law. In the case of *Simpson v. Mundee*, 3 Kas. 185, Chief Justice CROZIER, delivering the opinion of the court, says:

"The law of vendor's lien, as administered in England, is not necessarily a part of the law of this state. That being repugnant to the general real-estate jurisprudence of the state as contemplated and established by statute, a recognition of its existence here would savor more of legislative than judicial determination. Hence, it cannot and should not be regarded as a part of the law."

In the case of *Greeno v. Barnard*, 18 Kas. 518, Mr. Justice VALENTINE, delivering the opinion of the court, says:

"He claims the court below erred in finding that plaintiff had a lien for the amount of said notes on defendant's land, and also erred in rendering judgment for the sale of said land. These are the only questions in the case. We think the court below did so err. There is no such thing in this state as a vendor's lien created by mere operation of law or by mere force of the rules of equity."

The supreme court has never held that the vendor of real estate held a lien on the granted premises, unless the parties so agreed and preserved the lien, either in the deed of conveyance or by withholding

the deed as a security for the payment of the purchase-money, or by taking a mortgage on the premises conveyed.

Did M. J. Irvin acquire any lien on the land by reason of the mortgage from Cynthia Brice and Huston Brice, after she had conveyed all her interest to David Fuller and Fuller was in the open and notorious possession thereof, at the time claiming to be the owner? The court below found as a fact that, in 1886, David Fuller went into possession of the land as a tenant of Cynthia McNair, and commenced to improve the same. Afterward, in the same year, at the request of Cyhthia McNair, he paid $72 on the mortgage, being the first note, and also paid $20 on the other note, the one in suit; and, shortly thereafter, Cynthia McNair sold her one-half interest in the land to David Fuller, and executed and delivered to him a deed for the same, but the deed was lost and never placed on record; and thereafter, on the 5th of April, 1887, M. J. Irvin, who had bought, before maturity, the note of $124 given by McNair and wife, which was then past due, surrendered the note to Mrs. McNair, who had in the meantime married Brice, and she and Brice executed to Irvin a renewal note, and, to secure the payment of this renewal note, gave Irvin a mortgage on the land. Under these findings of fact the court made conclusions of law as follows:

"2. That defendant Irvin should have a second lien on all of said real estate for the amount of his note, said Irvin having acquired his right by virtue of the mortgage set up in his answer."

"4. Defendant Irvin, when he took his mortgage, was not bound to take notice of the character of the basis of defendant Fuller's possession, because Irvin knew that Martha Fuller, wife of David Fuller, was

daughter of Jack McNair, deceased, and hence had a right to presume that Fuller held as heir and also for the other heirs as well.    Defendant Fuller is not entitled to be subrogated to any right under plaintiff's mortgage, nor entitled to anything until after defendant Irvin's claim is fully paid.''

In these conclusions of law the court committed error.    Under the findings of fact, defendant Irvin had no lien of any kind whatever on the land.    There is not any such thing as a vendor's lien under our law ; the giving of the note by Jack McNair and his wife to Shaw for the purchase of the land created no lien thereon.    Hence the assignment of the note by Shaw to Irvin gave him no lien on the land.    Having no lien by virtue of being the assignee of Shaw, then did he obtain a lien upon the renewal of this note and taking the mortgage from Cynthia Brice and Huston Brice?    The findings of fact are, that David Fuller took possession of this land in 1886 and commenced to improve the same, paid the first note due under the mortgage to Frankenberger of $72, and also paid $20 on the note in suit, and was all this time in possession of the land, claiming to be the owner thereof.    Some time in 1886 Cynthia McNair sold her one-half interest in the land to David Fuller, and made him a deed for the same, which deed was lost and never entered of record.    After Cynthia McNair sold and conveyed her one-half interest in the land to David Fuller, she was married to Huston Brice, and thereafter, on the 5th day of April, 1887, she and Huston Brice executed a mortgage to Irvin to secure the renewal note.    We think that Irvin had not obtained any lien upon the land at all.    He knew that the land belonged to Jack McNair at the time of his death, and knew that Jack McNair left surviving him a widow and six children, and knew that David Fuller was in posses-

sion of the land, claiming to be the owner, at the time he took the mortgage on it. He was bound to inquire into the character of his title and claim to the land. Cynthia Brice and Huston Brice at the time they executed the mortgage to Irvin had no mortgageable interest in said land and could not create a lien thereby. Under the facts as found by the court, David Fuller is and was at the trial of this case the owner of one-half interest in and to said land, and his wife, Martha Fuller, was the owner of one-thirteenth part thereof. Their rights being, however, subject to the mortgage lien of the plaintiff, Coon, for the amount due on his note, the defendant, David Fuller, was entitled to a lien upon the land in the sum of $20 with interest at 10 per cent. from the date of his payment on the note to the mortgagee, Frankenberger, and this is a second lien on the land; and he is entitled to be subrogated to the rights of the mortgagee for the enforcement of his lien for the amount so paid on this mortgage; and upon a sale of the land under the decree of the court, after the payment of costs, taxes and the amount due on the claim of plaintiff Coon, David Fuller is entitled to be repaid the amount he has paid on the original mortgage given by Shaw and wife to Frankenberger, and after all these liens are paid and satisfied, the residue arising from the proceeds of the sale of said lands should be divided among the heirs of Jack McNair as follows: One-half to David Fuller and one-thirteenth thereof to each of the children of Jack McNair.

This cause is remanded to the district court of Bourbon county, with direction so to modify the decree of the court as to conform to the opinions herein, and the defendant Irvin is to pay the costs of this court.

All the Judges concurring.