20,348.

The De Soto State Bank, *Appellee*, v. John W. Randall et al. (Frank Hodges and George H. Hodges, doing business as Hodges Brothers, *Appellants*).

#### SYLLABUS BY THE COURT.

Note—*Taken for Building Material—No Materialman's Lien.* Notes taken for building material can not, in the absence of a materialman's lien, be made a lien on the premises.

Appeal from Johnson district court; Jabez O. Rankin, judge. Opinion filed October 7, 1916. Affirmed.

*S. D. Scott*, of Olathe, for the appellants.

*J. W. Parker*, of Olathe, for the appellee.

The opinion of the court was delivered by

West, J.: The defendants, having sold some lumber to go into a house after the plaintiff bank had taken a mortgage to secure a loan on the property, took notes for the payment of

this material bill but neglected to file a lien upon the premises. When the bank's mortgage was foreclosed the notes for material were sought to be transformed into a judgment and lien prior to that of the mortgage. The court gave the defendants judgment but declined to make the amount thereof a lien, thereby following the plain and thoroughly settled law of this state. (*Greeno v. Barnard*, 18 Kan. 518; *Perry v. Conroy*, 22 Kan. 716; *Conroy v. Perry*, 26 Kan. 472; *Hurd v. Hixon & Co.*, 27 Kan. 722; *Potter v. Conley*, 83 Kan. 676, 112 Pac. 608.) Counsel for the defendant frankly says in his brief that "This is a case where the moral rights of the parties, and the equities appear to conflict with strict technical rules of law, and perhaps, in some degree, with former decisions of this court."

The authorities, however, unquestionably sustain the trial court in its ruling, and the judgment is affirmed.