No. 25,187.

G. J. C. FELZIEN, *Appellant*, v. GEORGE WIECK et al., *Appellees*.

SYLLABUS BY THE COURT.

VENDOR AND PURCHASER—*Lien for Purchase Price—Creation.* A vendor of real property does not have a lien thereon for unpaid part of the purchase price by operation of law nor by the application of principles of equity. It is a matter of contract.

Appeal from Cheyenne district court; WILLARD SIMMONS, judge. Opinion filed April 11, 1925. Affirmed.

*E. E. Kite,* of St. Francis, for the appellant.

*Leigh D. Dowling,* of St. Francis, and *W. S. Langmade,* of Oberlin, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: Plaintiff, the vendor, sued for specific performance of a written contract for the sale of land. Defendant answered and prayed specific performance, and the case was submitted to the court upon the pleadings and the contract without other evidence. The contract provides for certain payments to be made, "at which

Felzien v. Wieck.

time a sufficient warranty deed is to be delivered to second party, the balance of $15,800 payable five years from date, interest at seven per cent per annum." It is conceded that the previous payments mentioned in the contract had been made. The real question is whether the vendor was required to execute the deed without receiving a mortgage back on the land to secure the last payment. The court held the contract did not entitle the vendor to a lien upon the land, and required him to execute the deed. Plaintiff has appealed.

It has been repeatedly and consistently held by this court that there is no such thing in this state as a vendor's lien by operation of law or the application of rules of equity. The matter is governed entirely by contract. (*Fuller v. Irvin,* 1 Kan. App. 248; *Trustees' &c. Ins. Co. v. Bowling,* 2 Kan. App. 770; *Simpson v. Mundee & Brown,* 3 Kan. 172; *Brown v. Simpson,* 4 Kan. 76; *Smith v. Rowland,* 13 Kan. 245, 250; *Greeno v. Barnard,* 18 Kan. 518; *Bank v. Randall,* 98 Kan. 744, 160 Pac. 207.) There are many cases, of course, where it was provided in the title bond, or written contract, that the conveyance was to be executed and delivered when the final payment was made, and in those cases the court has held that the vendor, by virtue of his contract, had a lien upon the property for any unpaid balance of the purchase price. (*Kuhn v. Freeman,* 15 Kan. 423; *Reeve v. Downs,* 22 Kan. 330, 331; *Burks v. Johnson,* 37 Kan. 337, 15 Pac. 204; *Nesbitt v. Chesebro,* 89 Kan. 863, 133 Pac. 345; *Reed v. Bostleman,* 97 Kan. 633, 156 Pac. 718.) But there is no such provision in this contract. It provides for certain specific payments on the purchase price, "at which time" the vendor should execute and deliver to the vendee a warranty deed for the premises, the balance of the purchase price to be paid some years later, without anything to indicate that the vendor should have a lien upon the land for the last payment. What prompted the parties to make this kind of a contract is not disclosed by the record, possibly is not material, and we cannot speculate concerning it. The contract does provide for a conveyance before the full purchase price was to be paid, without making any provision for a lien upon the land for the unpaid portion of the purchase price. We are without power to aid the plaintiff. The judgment of the court below is affirmed.