### No. 27,419.

JOHN M. KEPNER, *Appellee,* v. C. L. WEIDENSAUL (Revived against Blanche Groves, Zula Bruchie and Lawrence Weidensaul, Heirs at Law of C. L. Weidensaul, Deceased), *Appellant.*

(260 Pac. 650.)

SYLLABUS BY THE COURT.

MORTGAGES—*Judgment of Foreclosure—Persons Entitled to Complain.* In an action to foreclose a mortgage the record discloses no error of which appel-lants can complain.

Appeal from Morton district court; GEORGE L. LIGHT, judge. Opinion filed November 5, 1927. Affirmed.

*G. W. Sawyer,* of Liberal, for the appellant.

*Fred J. Evans,* of Garden City, and *G. Porter Craddock,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action to foreclose a mortgage. It was tried to the court; judgment was rendered for plaintiff; the answering defendants have appealed.

Briefly, the facts disclosed by the record are substantially as fol-lows: John M. Kepner, a resident of San Francisco, was the owner of a quarter section of land in Morton county. In January, 1920, he received a letter from H. S. Green, an official of the First National Bank of Elkhart, advising that C. L. Weidensaul desired to purchase the land, that he would pay $2,500 for it, $500 in cash, and give five notes for $400 each, one due each year, and secure them by a first mortgage on the property for the balance of the purchase price. Kepner accepted the proposition, sent a deed conveying the land to C. L. Weidensaul, and received in payment a remittance of $500 and the five notes and the mortgage on the land securing them, all pur-porting to be signed by C. L. Weidensaul, a widower, and the mort-gage duly acknowledged. The deed and mortgage were duly re-corded. Sometime thereafter a deed was recorded purporting to be

Mortgages, 42 C. J. pp. 164 n. 8, 177 n. 30.

executed by C. L. Weidensaul conveying this land to Lawrence M. German and Belle German, his wife, which deed contained a clause by which the grantees assumed and agreed to pay the mortgage above mentioned. No payment having been made to Kepner on the mortgage, in August, 1923, he filed this action to foreclose the mortgage. He made C. L. Weidensaul, Lawrence M. German and Belle German, his wife, and others defendants, asked for a personal judgment against the maker of the mortgage and those who assumed to pay it, and for the foreclosure of the mortgage and the sale of the mortgaged premises. C. L. Weidensaul answered, denied that he had ever purchased the property, denied executing the notes and mortgage, denied executing the deed to Lawrence M. German and wife, alleged that if his name appeared on these instruments they were forgeries, and asked to be relieved of liability on them and to be relieved of cost. Plaintiff filed his reply in which he withdrew his prayer for personal judgment against C. L. Weidensaul and asked simply for the foreclosure of his mortgage. Pending the action C. L. Weidensaul died and the cause was revived against his personal representative and heirs. Three of his heirs, children, answered; a fourth child, L. D. Weidensaul, did not answer. The answer of the heirs was to the same effect as that of C. L. Weidensaul, but in addition they alleged that they were in the actual possession of the real property, and they sought to have their title quieted against the plaintiff and against other parties to the action. Pending the action Lawrence M. German and Belle German, his wife, conveyed their interest in the property to the plaintiff. The action then stood with plaintiff seeking to foreclose his mortgage against the personal representative and heirs of C. L. Weidensaul without asking a personal judgment against them, and the answering defendants seeking to defeat such action on the ground that the notes and mortgages had never been executed by their father, and seeking further to quiet their title. The evidence disclosed that none of the answering defendants was in possession of the land, and their counsel conceded at the trial that they were not entitled, under the evidence, to have their title quieted. On the question whether C. L. Weidensaul had executed the notes and mortgage, the court found for defendants, but held, notwithstanding this, that the plaintiff was entitled to have his mortgage foreclosed, and rendered a decree accordingly.

The answering defendants appeal. Their argument, in substance, is this: The plaintiff owned this land. He could convey it to whom-

soever he pleased. He did convey it to their father, which placed title in him; that if their father executed no notes or mortgage on the land he did not encumber it, hence these instruments are void and the land belonged to their father clear of encumbrance, and that they have inherited it. The difficulty with this view is that the plaintiff was not attempting to give his land to anyone. He was selling it for a specified sum on definite terms. Some one, for the purpose of the transaction, used the name C. L. Weidensaul as the purchaser.

In deciding the case, the trial court spoke of the plaintiff's lien as being a vendor's lien. Appellants complain of that and point out that in this state there can be no vendor's lien unless the same is founded on contract (citing *Greeno v. Barnard,* 18 Kan. 518; *Felzien v. Wieck,* 118 Kan. 194, 234 Pac. 944), and they argue that if C. L. Weidensaul knew nothing of this transaction, took no part in it, there could be no contract with him. The difficulty with this argument is that some one, using the name C. L. Weidensaul, did in fact make a contract with plaintiff, which contract was represented not only by the correspondence, but by the deed, notes and mortgage. There was a suggestion in the testimony that L. D. Weidensaul, the son of C. L. Weidensaul, who filed no answer here, was in the real-estate business, and that he desired to have this land in shape so that he could resell it, and that through Mr. Smith, of the bank, he handled this deal in the name of his father without his father's knowledge and consent. But the court makes no finding on this question, and we do not regard it as material. One thing seems clear: Either C. L. Weidensaul was the purchaser of this property or he was not. If, as contended by appellants, he did not purchase the property, knew nothing about it, and did not execute the notes and mortgage, then in fact he never had any interest in it, and the appellants are in no better position than he was. They have no interest in it. In view of all the facts disclosed by the record, including the fact that the answering defendants asked to have their title quieted and thus made the matter of quieting title an issue in the case, the court might very well have made his decree quieting title against the answering defendants, and the court need not have ordered a sale of the property for the purpose of forfeiting or foreclosing the interest of these answering defendants. But since the answering defendants have no real interest in the property they are in no position to complain of the form of the decree of the court.

The judgment of the court below is affirmed.