No. 31,527

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, *Appellant,* v. C. H. FOSTER, as Sheriff of Harper County (*Defendant*), H. O. BLANCHAT and J. P. BLANCHAT, as Administrators of the Estate of Frank Blanchat, Deceased (Interveners), *Appellees.*

(30 P. 2d 104.)

Opinion filed March 10, 1934.

*E. C. Wilcox, J. Howard Wilcox, Myrtle Youngberg,* all of Anthony, *Bennett R. Wheeler, S. M. Brewster, John L. Hunt, Margaret McGurnaghan* and *Ralph M. Hope,* all of Topeka, for the appellant.

*J. S. Dey,* of Wellington, for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action for injunction to prevent a sheriff's sale, and the appeal is from an order sustaining a demurrer

to plaintiff's evidence and setting aside a temporary injunction which had been issued.

The facts out of which the action arose, and as shown by the evidence, are as follows: On December 3, 1920, Frank Blanchat owned a certain tract of land which he mortgaged to the plaintiff for $7,000. On November 26, 1924, Blanchat orally agreed to sell the land to George O. Carothers for $22,000 which was to be paid by assumption of the $7,000 mortgage above mentioned, the balance of $15,000 to be evidenced by a note, executed by Carothers and his wife, secured by a mortgage on the real estate. A deed was accordingly executed by Blanchat; the note and mortgage were executed by Carothers and not by his wife. The deed, note and mortgage were left at a bank in order that Carothers' wife might sign, and thereafter the deed was to be delivered to Carothers and the note and mortgage to Blanchat. On July 21, 1925, in anticipation of the $7,000 mortgage coming due, an extension agreement was made, executed by Blanchat and Carothers and wife, whereby the time of payment was extended from December 6, 1925, to December 6, 1935. On August 14, 1931, Blanchat died, and later administrators of his estate were appointed, who commenced to investigate his affairs, and who learned of the deed, note and mortgage transaction, which had never been completed. In just what manner he obtained it is not clearly shown, but Carothers obtained the deed from Blanchat to himself and on November 9, 1931, caused it to be recorded; this deed shows the land to be conveyed free and clear of encumbrance "except taxes of 1924 and except mortgage of $7,000 to Prudential Ins. Co. of America, which taxes and mortgage second party assumes and agrees to pay." On May 5, 1932, Blanchat's administrators filed a suit (No. 7639) to which the plaintiff was not a party, setting up the facts with reference to the deed, note and mortgage; that Carothers and his wife had failed to execute the note and mortgage as agreed on; that the delivery of the deed by the bank to Carothers was without the knowledge and consent of the Blanchat administrators; that the recording of the deed cast a cloud on the title of the real estate to their damage; that Carothers had failed to pay taxes as provided in the mortgage, and they elected to declare the entire purchase price due; that the note for $15,000 provided for interest, payable annually, and it had not been paid. They prayed for judgment for $22,000, less any credits to which Carothers was lawfully entitled, and that the judgment be decreed a *first lien* on

the real estate, and that if the judgment be not paid that the real estate be sold in satisfaction.

With the records in the office of the clerk of the court showing the above petition on file, on May 16, 1932, the Prudential Insurance Company filed its action (No. 7644) to foreclose the $7,000 mortgage. It made Carothers and his wife, some junior lienholders and "John Doe, tenant in possession" parties defendant, but Blanchat or his administrators were not made parties. In the petition there is no allegation touching the matters set up in action No. 7639 above referred to. The foreclosure suit proceeded to judgment, and at a sheriff's sale held August 9, 1932, the real estate was bid in by the company which received a certificate of purchase with an eighteen-months redemption.

In action No. 7639, on January 18, 1933, a judgment was entered finding generally for the plaintiffs therein; that the controversy arose out of a contract for sale by Frank Blanchat to George O. Carothers of the particular land at an agreed price of more than $22,000; that Carothers had not paid as much as one-third of the purchase price, and that there was due to the plaintiffs the sum of $14,378.35 and interest from date of judgment, and it was ordered that plaintiffs have judgment, and the judgment was "established and decreed a lien on said real estate" and in case the judgment be not paid that an order of sale issue. The period of redemption was fixed at six months. An order of sale was issued, the sheriff had given notice, and was about to sell the land on March 8, 1933.

On March 2, 1933, the instant case was filed against the sheriff of Harper county, for an injunction to prevent the above sale being had. The petition alleged the sale of August 9, 1932, to plaintiffs; the judgment of January 18, 1933, to the executors in the action in which the insurance company was not a party; and the intended sheriff's sale on March 8, 1933, under that judgment, and that said sheriff is not advertising to sell said real estate subject to plaintiff's (insurance company) rights, and—

"That a subsequent sale of said real estate will cloud the title and greatly inconvenience the said plaintiff by reason of said unlawful attempt of said sheriff to sell said real estate under said order of sale as aforesaid, and will place in possession of said real estate some person other than the defendant owner, who is entitled to all of the rights of redemption under the certificate of purchase held by said plaintiff. That it will cause the said plaintiff other and different litigation to perfect said title and remove said clouds, and said plaintiff will suffer irreparable injury, redress for which it has no adequate remedy at law."

On March 3, 1933, a restraining order was issued. The Blanchat administrators filed an application and were permitted to intervene, and filed a motion to set aside the restraining order and a general demurrer to the petition. The demurrer was overruled, and plaintiff then filed an amended and modified motion for a temporary injunction, which was subsequently allowed. Thereafter the interveners filed their answer, which in general set up the history of the various transactions and suits. On the hearing, the pleadings and orders in both of the above suits, Nos. 7639 and 7644, were introduced in evidence, as well as some oral testimony. After the plaintiff rested, the interveners demurred, which demurrer the court first overruled, but after introduction of interveners' testimony, the court announced he would change his ruling and would sustain the demurrer. The plaintiffs elected to stand on the demurrer, and the temporary injunction was set aside and judgment rendered for the defendants.

The errors assigned are the setting aside of the temporary injunction, the sustaining of the demurrer to appellant's evidence and the rendering of judgment for the appellees. As the answer to one assignment is the answer to the others, they will be discussed together.

It will perhaps simplify matters to notice the contention of the appellees in support of the trial court's rulings, that their petition filed May 5, 1932, in action No. 7639 constituted *lis pendens* under R. S. 60-2601, and that, in any event, the administrators of the Blanchat estate, not having been made parties defendant in action No. 7644, filed May 16, 1932, by the insurance company to foreclose its first mortgage, are not bound thereby, citing in support *Stacey v. Tucker,* 123 Kan. 137, 254 Pac. 339.

R. S. 60-2601 recites in part:

"When the petition has been filed the action is pending, so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's title. . . ."

It will be noticed that in action No. 7639 the facts with reference to the sale from Blanchat to Carothers and as to how the consideration was to be paid and secured are alleged, the real estate to b' sold and mortgaged being described. Appellant says that the action was merely for the recovery of money and the court had no power to declare the judgment which might be rendered a lien on the real

estate described, citing *Felzien v. Wieck,* 118 Kan. 194, 234 Pac. 944, and cases cited in support. We do not so construe the petition. It appears the plaintiff in the action had a contract for security on the specific real estate. The petition might have been more clearly drawn, but it is clear the plaintiff was seeking to enforce his agreement for a mortgage of agreed terms. Decisions holding this may be done are cited in *Felzien v. Wieck,* supra. On the question of *lis pendens,* however, another matter must be noted. When the insurance company filed its action to foreclose its first mortgage, did it seek to acquire any interest as against plaintiff's title? Its lien existed from the date of its mortgage and was recognized by the administrator's intestate and by Carothers in the deed which Carothers took from Blanchat, and in the intended mortgage from Carothers to Blanchat, as well as in the extension agreement on the insurance company mortgage. It did not lie in the mouths of either Frank Blanchat or George Carothers to say that the insurance company did not have a first lien on the real estate. In so far as Blanchat's administrators and Carothers are concerned, nothing they could do for or against each other in action No. 7639 could affect the right of the insurance company against the mortgaged real estate, and that being true how could the insurance company acquire any interest against the plaintiff's title? The insurance company's rights antedated any matters set up in the suit of *Blanchat v. Carothers.* While *lis pendens* is determined by the situation existing at the time the petition is filed, it is significant that the insurance company purchased at the sale held as a result of its suit. (See 38 C. J. 60, Lis Pendens, § 101.)

It will serve no useful purpose to discuss the question of the necessity of making the administrators parties to action No. 7644, nor of the effect of *Stacey v. Tucker,* supra. The question of the rights of lien holders under mortgages and their respective rights is treated fully in *McFall v. Ford,* 133 Kan. 593, 1 P. 2d 273, in which a great many of the previous decisions of this court are analyzed and reviewed. By a divided court it was held that the rights of a junior lien holder must be protected by exercise of the powers granted under the statutes with respect to redemption. No good purpose will be served by a review of the majority opinion by Mr. Justice Burch, nor of the dissenting opinion by Mr. Justice Harvey. Under the decision in that case it must be held that after the Blanchat administrators recovered judgment in their action No. 7639, they had, not

a right to a second sale of the real estate involved, but simply a right to redeem from the sale in action No. 7644, if the owner did not redeem, all in the manner provided by statutes, which are fully reviewed in the above case.

It follows that the court erred in sustaining the demurrer to plaintiff's evidence, in setting aside the temporary injunction and in rendering judgment in favor of defendants.

This action, however, is of an equitable nature, and that being so, equity must, as far as possible, be done. While this appeal has been pending, the period of redemption in action No. 7644 has been running and, from the abstract of the record, it expired February 9, 1934. With the judgment of the trial court in their favor, appellees have not redeemed. In the meantime, the owner of the real estate has not redeemed, nor has he complained of either of the judgments of foreclosure, and, so far as he is concerned, is no longer entitled to possession of the real estate involved. Under R. S. 60-3317, this court is authorized to render such final judgment as it deems that justice requires, or to direct such judgment to be rendered by the trial court. Under the circumstances of this case, we conclude (1) that Carothers, as owner of the real estate involved, by reason of the foreclosure in action No. 7644, is no longer entitled to possession thereof; (2) that the appellees J. P. Blanchat and H. O. Blanchat, as administrators of the estate of Frank Blanchat, deceased, are entitled to a further period of time in which to redeem, which time is fixed as a period of time expiring September 1, 1934, and in the meantime are entitled to possession of the real estate involved; (3) that if said administrators shall not, on or before September 1, 1934, redeem said lands from the sale made to the appellant on August 9, 1932, by paying the amount of the sale price, $8,066.50, with interest from August 9, 1932, to date of any such redemption at the rate of ten per cent per annum, plus any amounts which said insurance company may have paid since the sheriff's sale for taxes on the lands sold and for insurance premiums on the buildings on said lands, with interest from date of payment on said respective items, if any, to the date of any such redemption, at the rate of six per cent per annum, then said appellant, The Prudential Insurance Company of America, a corporation, shall become entitled to a sheriff's deed to said real estate and to the immediate possession of said real estate.

The judgment of the lower court is reversed, and the cause is

remanded with directions to that court to enter judgment conformably herewith.

HARVEY, J. (dissenting): I dissent from the first paragraph of the syllabus, but concur in the order for the final disposition of the action with respect to the rights of the parties and extending the redemption period.

SMITH, J., concurs in this dissent.