Nichols v. Overacker.

## O. P. NICHOLS v. WILLIAM H. OVERACKER, et al.

1. JUDGMENT; *When Error to Set Aside.* In an action on a note and mortgage, when a personal judgment has been regularly and properly rendered against the defendant for the·amount of the note, and also a judgment that the mortgaged property be sold to satisfy such personal judgment, it is error for the court, at the next term of the court, to set aside such personal judgment, without there being any sufficient reason therefor, although it might be proper under the circumstances of the particular case, to set aside the balance of the judgment for the purpose of allowing another defendant to come in and litigate other questions with respect ·to the mortgaged property.

2. HOMESTEAD; *Mortgage by Husband alone, for Purchase-Money.* Where a husband and wife are occupying a certain piece of land as their homestead, but without having any title thereto, and N. loans to the husband a certain sum of money with the understanding and agreement that said money should be used in purchasing said land, and that the husband shall then give his note and mortgage on the land to N. for such money, and such money is so used, and the land is purchased therewith, and then the husband executes the note and · mortgage as agreed, but the wife does not join in the execution of either, nor does she give her consent thereto, and she has no interest

in the land except as the wife of her husband and as an occupant with him of the land: *Held,* That the loaning of the money, the purchasing of the land, and the giving of the note and mortgage, are not separate and independent transactions, but are parts and portions of one single and entire transaction; that they were all done in and about the purchase of said land, and to accomplish that purpose; that the obligation to repay the money is an "obligation contracted for the purchase of said premises" within the meaning of § 9 of art. 15 of the constitution, and therefore, that there is no homestead-exemption law as against the enforcement of such obligation.

*Error from Montgomery District Court.*

FORECLOSURE of mortgage, brought by *Nichols* against *Wm. H. Overacker* and *Sarah E. Overacker.* The facts and proceedings in the district court are fully stated in the opinion. Trial and judgment at the August Term 1873. The plaintiff, *Nichols,* brings the case here for review.

*Chas. J. Peckham,* for plaintiff.

*Stillwell & Baylies,* for defendants.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Nichols against William H. Overacker and Sarah E. Overacker on a promissory note and a real-estate mortgage executed by said William H., alone. The petition of the plaintiff undoubtedly stated a good cause of action as against said William H., but it did not state any cause of action as against the other defendant. The petition, besides being an ordinary petition on a note and mortgage as against William H. Overacker, also alleged that the consideration for said note and mortgage was money loaned by the plaintiff to said William H. for the purpose of enabling him to purchase, and to obtain title to, the land for which said mortgage was given, and that said land was so purchased with said money. But there is no allegation in the petition as against the defendant Sarah E. The prayer of the petition was for a personal judgment against said William H. for the amount of the note, and for a further judgment against both of the defendants that said land should

be sold to satisfy said personal judgment. The defendant
William H. filed an answer to this petition, substantially ad-
mitting the plaintiff's cause of action, but also pleading usury.
The plaintiff replied to this answer by filing a general denial.
The defendant Sarah E. did not at this time file any pleading.
Said reply was filed March 28th 1873. The next term of
court commenced April 7th 1873. At this term of court,
and on May 2d, this case was tried, and judgment was ren-
dered; but all this was done in the absence of both defend-
ants. The judgment was rendered in accordance with the
prayer of plaintiff's petition. At the next term of the court,
and on August 7th 1873, said judgment was set aside. The
plaintiff in error claims that the court below erred in setting
aside the personal judgment rendered against William H.
Overacker. We think the court did so err. No good reason
has been shown why said personal judgment was set aside,
and indeed we might almost say that no reason of any kind
has been given. We think said personal judgment should
be restored. For the purposes of this case we shall assume
that the balance of the judgment was properly set aside, al-
though there might have been a grave question raised even
as to this. Afterward the defendant Sarah E. Overacker filed
an answer in the action. She admitted that said William H.
executed said note and mortgage, as alleged in the plaintiff's
petition. But she alleged that said William H. and herself
were husband and wife; that when said note and mortgage
were executed, and since, hitherto, her husband and herself
occupied said mortgaged property as their homestead, that
she never joined in the execution of said note or mortgage,
or gave her consent thereto, and she denied everything in the
plaintiff's petition which she did not specifically admit, and
she then closed her answer with a prayer that said mortgage
be declared null and void. The plaintiff replied to this an-
swer, admitting that the defendants were husband and wife,
that said land was their homestead, and denied all the other
allegations of the answer, and then prayed for a judgment as
prayed for in his petition. A trial was had upon these plead-

ings. The parties submitted the case to the court without a jury. The parties agreed upon the evidence, and submitted it to the court; but the court, upon the objections of the defendants, held that that portion of the evidence favorable to the plaintiff was irrelevant, immaterial, and incompetent, and excluded it, to which ruling of the court the plaintiff excepted. From said agreed statement, and the pleadings, it appears that the facts are substantially as follows: On August 29th 1871, the defendants were husband and wife, occupying said land as their homestead. They had no title however to the same. And as the defendant William H. desired to obtain the title, the plaintiff on that day loaned to said William H. $210, with the understanding and agreement between the parties that said money should be used to purchase said land, and that William H. should then execute said note and mortgage to the plaintiff therefor. The money was so used; the land was purchased with said money, and the note and mortgage were given accordingly. The note and mortgage were given for the sum of $300, due in one year, with interest at the rate of twelve per cent. per annum. The sum of $90 was added to the sum of $210 as interest for the first year, making the whole amount $300, as expressed in the note and mortgage. All this was done August 29th 1871. The defendant Sarah E. did not have anything to do with these transactions. And she never had any interest in said land except by virtue of being the wife of said William H., and an occupant of the land with him. He was the owner of the land, and held the title thereto after he purchased it with the plaintiff's money. The court below on this second trial rendered a personal judgment in favor of the plaintiff and against the defendant William H. Overacker for the sum of $210 and costs, but rendered no judgment for a sale of the mortgaged property. On the contrary, the court rendered judgment that said mortgage was void, and that the defendant Sarah E. Overacker recover from the plaintiff her costs.

We think that the judgment of the court below was erroneous. It is true, that a mortgage given by the husband

5—16 KAS.

alone on the homestead for any ordinary debt, is void; and no judgment for any ordinary debt can be a lien on the homestead. But we have no law which exempts premises held as a homestead from sale "for the payment of obligations contracted for the purchase of said premises." The constitution expressly says that "No property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon." (Const., art. 15, § 9.) Of course, an obligation for the purchase-money is no more a lien on property held as a homestead than it would be upon the property if it were not held as a homestead, but it may be just as much a lien. The matter simply stated is this: There is no homestead-exemption law as against obligations contracted for the purchase-money. As to such obligations, the rule is just the same as if no exemption-law had ever been adopted. And land held as a homestead is, with respect to such obligations, governed by just the same rules as if it were not a homestead. Now, were said note and mortgage given for the purchase-money? We think they were. The loaning of the money in this case, the purchasing of the land, and the giving of the note and mortgage, were all merely parts or portions of one single and entire transaction. The different parts were not separate and independent transactions in and of themselves. The loaning of the money was not a separate and independent transaction. It was loaned for a particular purpose had in contemplation by both of the parties. It was borrowed and loaned with the intention by both of the parties that it should be used in purchasing said land, and it was so used. The borrowing and loaning of the money was simply a part of one common or general purpose, of which the purchase of the land was another part, and the giving of the note and mortgage still another part. All were parts of a general purpose, of which the main object was the purchase of said land. All were done in and about the purchase of said land, and to accomplish that purpose. And all contributed thereto. Without

the money, the land could not have been purchased. Obligations of the kind we are now considering certainly come within the spirit of the provision of the constitution above quoted. The spirit of that provision is, that no man shall enjoy property as a homestead, or an improvement thereon, as against the just claims of the person who procured it for him. This is highly equitable and just. These views we think are sustained by decisions in other states under similar homestead-exemption provisions. *Austin v. Underwood*, 37 Ill. 438; *Magee v. Magee*, 51 Ill. 500; *Allen v. Hawley*, 66 Ill. 168; *Lassen v. Vance*, 8 Cal. 271; *Carr v. Caldwell*, 10 Cal. 380; *Hopper v. Parkinson*, 5 Nevada, 233; *Lane v. Polier*, 46 Georgia, 580; *Hawks v. Hawks*, 46 Georgia, 204. In this state we have no vendor's lien created by mere operation of law. The only lien in this state, that might with any degree of propriety be called a vendor's lien, is a lien reserved to the vendor by the parties at the time of the sale. Hence, a claim for purchase-money stands no higher than any other claim, except that as against it no homestead-exemption can be interposed. As against it, there is no homestead-exemption law.

The personal judgment in this case against William H. Overacker, for the amount of the note and mortgage, and costs, should be restored. This judgment should be declared a lien upon the mortgaged property to the extent of $210, and interest at the rate of 12 per cent. per annum from the time the money was furnished, and necessary costs of suit, and that the land be sold to satisfy such lien. The defendant William H. did not prove usury at the time the judgment was properly rendered against him, and the defendant Sarah E. did not plead it. We do not wish to be understood as deciding any question in this case except such as are expressly decided.

The judgment of the court below will be reversed, and cause remanded for further proceedings in accordance with this opinion.

All the Justices concurring.