Fudge v. Fudge.

## NANCY FUDGE, et al., v. CONRAD FUDGE.

1. PROBATE COURT, *Jurisdiction of; Sale of Homestead.* The probate court has jurisdiction to order the sale of the family homestead upon regular proceedings by the administrator, when it appears that all other property of the estate has been exhausted, and that there still remain unpaid claims allowed against the estate of those classes for payment of which the homestead is not exempt from sale.

2. JURISDICTION, *When not Defeated.* Such jurisdiction is not destroyed, nor such sale avoided, by the fact that some of the claims thus allowed and unpaid were improperly allowed, and were not collectible out of the homestead, or by the fact that the court made an order thereafter improperly distributing the proceeds.

3. NOTICE, *Not Insufficient.* A notice of the filing of a petition for the sale of real estate to the heirs and other persons interested, given only by publication in the newspaper, but in accordance with the order of the probate court, will not, in a collateral attack, be adjudged insufficient, even though such heirs are residents of the county in which the proceedings are had and the real estate situate.

4. ——— Where some of such heirs are minors, a failure to appoint a guardian *ad litem* will not invalidate the proceedings, for no such appointment is required by any statute.

5. ——— *Valid Sale.* Where an administator sells real estate at public · sale, it is not essential to the validity of the sale that the property brings three-fourths, or even two-thirds of the appraised value.

*Error· from Allen District Court.*

EJECTMENT brought by *Nancy Fudge* and nine others against *Conrad Fudge* and another, to recover certain real estate which ·defendants held under an administrator's deed. Trial at the February Term, 1879, of the district court, and judgment for ·defendants. The plaintiffs bring the case to this court.. The .facts are sufficiently stated in the opinion.

*G. P. Smith*, for plaintiffs in error.

*J. C. Murray*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: This was an action of ejectment, brought by the heirs of Adam Fudge against one holding under an administrator's deed. The first question presented is, as to the power of the court to order the sale of the land because of its homestead character. It appears that on the purchase of the land, Adam Fudge and wife executed a note and mortgage for part of the purchase-money. He moved upon the place, and occupied it as a homestead until his death, and his widow and children continued to so occupy it until dispossessed under the administrator's deed. The note and mortgage were transferred, and the holder filed a petition in the probate court for a foreclosure. This was refused, but the amount of the note was allowed as a claim against the estate, and thereafter the administrator filed his petition for the sale of this land. This petition showed an exhaustion of all the personal property of the estate, and that this land was all the real estate belonging to it. It did not disclose that it was the homestead of Adam Fudge in his lifetime, or of his family after his death. Upon this an order of sale was made, and the land sold to defendant. Had the probate court jurisdiction? Upon the face of the papers, it clearly had. There was nothing to disclose that the property was a homestead, and it appeared as an ordinary proceeding to subject the real estate which had belonged to the decedent to the payment of his debts — a proceeding of which the probate court had unquestioned jurisdiction. Was the order of sale a conclusive adjudication that the land was not a homestead, and not exempt from sale, and so now cutting off all inquiry as to the fact? An argument of weight could be made in support of this. The probate court has jurisdiction to order the sale of all real estate except the homestead. Whether a piece of land is or is not a homestead, is a question of fact. Proceedings for the

27 — 23 KAS.

sale of the real estate are advisory, so far at least as the heirs, the only parties who can claim the benefit of the homestead exemption, are concerned, and notice to them is jurisdictional. (*Mickel v. Hicks,* 19 Kas. 578.) By this notice they are notified of the application to sell certain land, and which can be sold only in case it is not a homestead. They enter no appearance, and make no contest. They being in court, and constructively present, the court decides that the land is subject to the debts of the decedent, and orders its sale. Can they, having been once brought into a court of competent jurisdiction to contest the question of the property's being subject to sale for the ancestor's debts, be permitted to contest the question elsewhere, and in a different proceeding? But we do not propose to decide that question now. The case of *Howe v. McGivern,* 25 Wis. 525, cited by counsel, makes against the suggestions above made, and that is as far as it does go. Here, the land was unquestionably subject to sale for at least the debt we have noticed. Without doubt the mortgage could have been foreclosed, and the homestead sold by proceedings in the district court. The assignment of a mortgage upon the homestead in no manner destroys its lien thereon, and whether given for purchase-money or not, is immaterial, so long as it was properly executed by both husband and wife. Neither does the validity of the sale depend upon the disposition made of the proceeds thereof.

Whether any other claims were properly chargeable against this land, or properly allowed against the estate, and whether the probate court ordered an improper distribution of the proceeds, is entirely immaterial. If there was one claim for which the court had jurisdiction to sell, that would sustain the sale. We shall not, therefore, stop to notice the questions discussed by counsel as to the validity of the other claims and allowances. As we have said, this homestead was subject to this mortgage, and a foreclosure could have been had in the district court. Could not the probate court likewise order a sale for this debt? We think it could. The homestead was a part of the estate of the decedent. The probate court, by

the constitution and statutes, is given jurisdiction over the settlement of the estates of deceased persons. (Const., art. 3, § 8; Comp. Laws 1879, p. 325, § 1.) The homestead is not discharged from all debts of the decedent. There may be specific liens, as in this case, or general indebtedness for purchase-money, for which it may be sold. (Comp. Laws 1879, p. 378, § 2.) And if abandoned as a homestead, it becomes subject to all the debts of the intestate. (*Dayton v. Donart*, 22 Kas. 256.) So that its disposition is a part of the settlement of the estate, and within the jurisdiction of the probate court. (*Johnson v. Cain*, 15 Kas. 532.)

In this case, upon the filing of the petition by the administrator, the court ordered notice to be given to the heirs and all others interested, by publication in the newspaper, and such notice was duly given. A second question presented is whether, when such heirs were all residents of the county in which the proceedings are had and the land situate, personal notice is not essential; and also whether before any order of sale is made, a guardian *ad litem* must not be appointed for the minor heirs. The statute (Comp. Laws 1879, p. 424, § 118) provides that "the court shall require notice of the petition, and of the time and place of hearing the same, to be given for such length of time and in such manner as the court may see proper." There is no question but that the statute was complied with. The contention is, that the legislature has no power to dispense with personal notice to heirs within the county. This it will be observed is no question of propriety or policy, but simply one of legislative power. We had occasion to examine this question of notice in the case of the *Gulf R. R. Co. v. Shepard*, 9 Kas. 647, and we see no reason to depart from the views therein expressed. In that case we held, that where the legislature has provided for a notice by which it is reasonably probable that the party proceeded against will be apprised of what is going on against him, and an opportunity is afforded to defend, the courts have not the power to pronounce the proceeding illegal. That case was a proceeding

for the condemnation of the right of way for a railroad, but the subjection of the real estate of an estate to the payment of the debts of the decedent is no more sacred, and no more outside the scope of the legislative discretion as to the matter of notice, than a proceeding to appropriate a man's land to railroad purposes. For a further consideration of this matter, see that case, and the authorities cited in the opinion; also, *Gilchrist v. Schmidling*, 12 Kas. 272.

So far as the matter of a guardian *ad litem* for the minor heirs is concerned, the statute requires none, and it would be legislation to hold that one was essential. There may be wisdom in legislation providing that one should be appointed, and we believe the statutes of New York and perhaps of other states require such appointment; but that is a matter for the legislature to consider. It has doubtless thought that the administrator and the court would sufficiently watch over and protect the minors' interests. So far as the order of sale is concerned, its sufficiency is settled by the case of *Fleming v. Bale*, ante, p. 88.

A final objection to be considered is, that the sale was made for less than three-fourths or even two-thirds of the appraisement. We must overrule this objection also. True, the statute (Comp. Laws 1879, p. 425, §125) requires that there be an appraisement before any sale, public or private, is made, and it provides that no private sale shall be made for less than three-fourths the appraisement, (Comp. Laws 1879, p. 425, §130,) but it places no limitation as to public sales. Whether one ought to be imposed, is for the legislature to determine. If it sees fit to authorize a sale without limits, we cannot declare a sale void which has been approved by the probate court, although the sale was for a sum far below the appraisement. We cannot thus collaterally pass upon the sufficiency of the bid, or the propriety of confirming such a sale.

Neither does the provision in the code of civil procedure concerning sales upon execution have any application. That

code (Comp. Laws 1879, p. 701, § 728) specifically declares that it shall not affect "proceedings under the statutes for the settlement of estates of deceased persons."

We see no other question in the case not already determined by decisions of this court, which requires notice.

The judgment will be affirmed.

All the Justices concurring.