The opinion of the court was delivered by
Hokton, C. J.:
The questions which aré presented for our determination in this case are: First, does a judgment in the district court upon a note, given by the defendant to the plaintiff for the erection of improvements on a homestead, not showing upon its face the consideration thereof, become a lien on such homestead so as to be enforceable against the real estate after it has passed into the hands of an innocent purchaser for a valuable consideration ? Second, can the consideration for a judgment rendered upon a promissory note executed for the erection of improvements on a homestead, be shown by testimony in a suit between the purchaser of such homestead and the holder of the judgment, to restrain the judgment creditor from selling the real estate in satisfaction of the judgment?
The constitution of our state expressly ordains that no property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon. (Const., art. 15, §9; Comp. Laws 1879, ch. 38, §1. In Nichols v. Overacker, 16 Kas. 59, the court says, referring to this constitutional provision: “The spirit of that provision is, that no *726 man shall enjoy property as a homestead, or an improvement thereon, as against the just claims of the person who procured it for him.” And following this interpretation of the constitution, it was held that there was no homestead-exemption law as against obligations contracted for the purchase-money. As to such obligations, the rule was held to be just the same as if no exemption law had ever been adopted, and that land held as a homestead was, with respect to such obligation, governed by just the same rules as if it were not a homestead. In Greeno v. Barnard, 18 Kas. 518, the court says: “A lien for purchase-money cannot be created on a homestead in any different manner than it can be created upon any other real estate. The homestead-exemption laws do not make any difference. Indeed there is no homestead-exemption law as against purchase-money. As to purchase-money, the homestead is just like any other real estate, and governed by the same rule as other real estate. A homestead may be sold on an execution for the purchase-money; but the judgment rendered for the purchase-money is no more a lien on the homestead than it is on any of the other real estate belonging to the judgment debtor. The debt for the purchase-money would not be a lien on any of the real estate of the judgment debtor until the judgment was rendered, and then the judgment would be a lien on all the real estate of the judgment debtor, including the homestead; and if there were no personal property, any of such real estate might be sold to satisfy the judgment.” An obligation for the erection of improvements upon a homestead stands upon the same basis as an obligation for the purchase-money, and the rule as to such obligations is just the same. To au obligation contracted for .the erection of improvements, the exemption law does not apply. And in all cases where a judgment is rendered upon an obligation for the erection of improvements upon a homestead, the judgment creditor, after exhausting the personal property of the judgment debtor subject to execution, may levy on the real estate so occupied as a homestead, and sell the same. Therefore it seems to us there can be no question but that if *727 Tilghman and wife had continued to occupy the real estate as a homestead, upon which the improvements were erected, which are the consideration of the note originally sued upon, .such homestead would not have been exempt from sale to satisfy the judgment. As to an obligation for the erection of improvements on the land, the judgment is just the same as if no exemption law bad ever been adopted. When a judgment is rendered in the district court, it is a lien on all of the real estate of the judgment debtor within the county where the judgment is rendered, and the filing of a transcript of a judgment rendered by a justice of the peace in the district court gives the judgment of the justice the same force and effect as if rendered in the district court. It is not logical to say that the sale of a homestead by the owner thereof, with the judgment lien standing against it, satisfies the lien or releases it from the real estate. The purchaser takes it with the knowledge of the judgment against it, and he is bound at his peril to ascertain whether such judgment was rendered upon an obligation for the purchase-money, or for the. erection of improvements thereon. If rendered on obligations of this character, the judgment is a lien upon the real estate, regardless of its occupancy as a residence by the owner. As against the real estate, the judgment can be enforced whether the-judgment .debtor occupies it, or whether it is vacant, or whether it has been sold since the rendition of the judgment. From this we conclude that where a purchaser buys property, whether it be a homestead or otherwise, upon which a judgment creditor has a lien by virtue of his judgment, that he takes the property subject to such judgment lien; and in an action brought by the purchaser to obtain an injunction restraining the judgment creditor from enforcing his judgment, such creditor may offer testimony showing that the judgment was rendered upon an obligation contracted for the purchase of the premises or for the erection of improvements thereon, thereby showing that the property is not exempt from sale under the judgment.
In our consideration of this casé we have treated the note *728 on which the original judgment was rendered before the justice as written evidence of the indebtedness of Tilghman for the material used in the erection of improvements upon the-homestead. There is not anything in the findings inconsistent with this view, and the judgment of the trial court is in harmony therewith. The general rule is, that the acceptance of a promissory note does not extinguish the original debt. (Kermeyer v. Newby, 14 Kas. 164.) It is but the written evidence of the debtor’s indebtedness. True, it may be accepted' in absolute payment if the parties so agree, and whether they so agreed or not is a question of fact. (Medberry v. Soper, 17 Kas. 369.) If the note originally sued on had been given or accepted as an absolute payment of the debt for the material furnished, then such debt would have been wholly discharged by the express agreement of the parties thereto, and the original consideration of the note of no' importance. A judgment rendered upon a promissory note taken in absolute payment of a debt for the erection of improvements on a homestead cannot be enforced against the homestead. The taking of a note under such circumstances would extinguish the original debt.
The judgment of the district court will be affirmed.
All the Justices concurring.