Beckenheuser v. Ferrell.

---

ED. BECKENHEUSER AND KATIE R. BECKENHEUSER v. ED. FERRELL, *as Sheriff*, AND JOSIE E. ECKERT.

#### No. 338.

HOMESTEAD—*Lien for Improvements.* Money borrowed for the purpose of erecting a residence and so used constitutes an obligation contracted for the erection of improvements, under section 9, article 15, of the constitution of the state.

Error from Geary district court; O. L. MOORE, judge. Opinion filed November 16, 1898. Affirmed.

*Thomas Dever*, for plaintiffs in error.

*W. H. Laundy*, and *James V. Humphrey*, for defendants in error.

The opinion of the court was delivered by

WELLS, J. : On November 5, 1897, Josie E. Eckert obtained a judgment against the plaintiff in error Ed. Beckenheuser, before a justice of the peace of Geary county. An abstract of this judgment was filed in the district court, an execution was issued thereon and levied on lot 5, in block 32, in Junction City, and this action was instituted to enjoin a sale under such levy, the plaintiffs claiming the property to be exempt as their homestead. The defendants answered that the judgment under which said execution was issued and levied was rendered on an indebtedness contracted by the plaintiff Ed. Beckenheuser for the erection of improvements upon the premises levied on. This was denied by the reply, and a trial was had on these issues which resulted in a judgment for the defendants, and the matter is brought to this court by the plaintiffs below.

The principal question in the case is, Did the evidence warrant the judgment rendered? The facts disclosed by the evidence seem to be substantially as follows : In the spring and summer of 1888, the plaintiff in error Ed. Beckenheuser, his sister Josie E. Eckert, a widow, and their mother were living together as one family. Ed. was contemplating matrimony, and obtained permission from his sister to use $400 of her money then under his control as her agent in building a residence. This money, together with some of his own, was used to erect a building partly on the lot levied on, then owned by him, and partly on a piece of a lot owned by his intended wife. The house was completed and moved into and occupied by Beckenheuser and his wife in September, 1888, and they still continue to reside therein.

The issues in this case are plainly stated by the plaintiffs in error, as follows : The controversy between the parties is as to whether the transactions between Ed. Beckenheuser and his sister Josie E. Eckert, in the spring and summer of 1888, amount to the creation of an indebtedness for an improvement upon the homestead, within the meaning of the constitution and statutes, so as to subject the homestead to the satisfaction of a judgment obtained on such indebtedness.

The section of the constitution referred to reads as follows : ''No property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises or for the erection of improvements thereon.''   It is claimed by the plaintiffs in error that the indebtedness on which the judgment sought to be enforced was rendered did not belong to either of the classes mentioned.   In the oral argument it was urged, in substance, that the exception of the exemption clause of the constitution and laws is limited to cases in which the creditor would be entitled to a lien under the lien law of the state.   We can find no support for this proposition in the provisions themselves, in the decisions of the supreme court, or in the reasons and analogies of the law.   The homestead-exemption clause and the lien law cover separate matters and have no connection whatever.   Without considering any questions of strict or liberal construction, it seems to us that the issues of this case will be settled by the answer to the question, Is the homestead exempt from a forced sale for the payment of money borrowed for the express purpose of purchasing said premises or erecting improvements thereon and so used?

In *Nickols v. Overacker*, 16 Kan. 58, the court said : ''There is no homestead-exemption law as against

obligations contracted for the purchase-money. As to such obligations, the rule is just the same as if no exemption law had ever been adopted, and land held as a homestead is, with respect to such obligations, governed by just the same rules as if it were not a homestead.''

Substituting ''erection of improvements thereon'' for ''purchase-money,'' and striking out all reference to the mortgage, and the balance of the page from which this quotation is taken applies fully to this case.

It would be a too narrow construction of this beneficent provision to say that it applies only to cases in which it is not needed, *i. e.*, where the parties are fully protected by the lien law. We do not think it so intended. The judgment of the court below was just and equitable and should be sustained.

The judgment is affirmed.