No. 22,498.

WILLIS CARTER and LOUISE CARTER, *Appellees*, v. THE DES MOINES SILO AND MANUFACTURING COMPANY and I. F. SARVER, as Sheriff, etc., *Appellants*.

### SYLLABUS BY THE COURT.

EXECUTION—*Levied on Homestead—Debt Contracted for Improvements—Exemptions.* A creditor's right to sell his debtor's homestead on general execution rests on the fact that the obligation reduced to judgment was contracted for erection of improvements, or other statutory exception to exemption, and not on adjudication of the fact. If the fact exist, the creditor may proceed until his right is duly challenged. He must then establish the fact, and this may be done in an action of injunction brought by the debtor's spouse to enjoin sale.

Appeal from Sedgwick district court, division No. 1; RICHARD E. BIRD, judge. Opinion filed February 7, 1920. Reversed.

*J. D. Houston, C. H. Brooks, Willard Brooks,* and *R. S. Elder,* all of Wichita, for the appellants.

*J. C. Bentley,* and *O. H. Bentley,* both of Wichita, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by a husband and wife to enjoin sale of their homestead, pursuant to execution issued on a judgment against the husband. The plaintiffs prevailed, and the defendants appeal.

The petition stated that the land levied on was the plaintiffs' homestead. The statement was sufficient to warrant the prayer for an injunction, since, in an action of this character, the creditor must show an exception which renders the homestead nonexempt. (*King v. Wilson,* 95 Kan. 390, 148 Pac. 752.) The plaintiffs, however, pleaded that the judgment, execution and sale were not on account of any obligation contracted for the erection of an improvement. The defendants answered that the judgment was rendered on a note given by the husband for an improvement furnished by the silo company and erected on the premises. At the trial it appeared the judgment was rendered on a note given the silo company for a silo purchased

by the husband. The silo was erected on a concrete foundation laid in an excavation, and was stayed by three iron cables attached to posts embedded in the soil. The court took judicial notice of the use of a silo. The plaintiffs claimed the silo blew down and was worthless, but the court properly indicated by its rulings that those facts did not change the nature of the structure to something other than an improvement. The result was, the unnecessary allegation of the petition was disproved, the defendants sustained the burden of showing liability of the homestead to sale, and the judgment should have been for the defendants. That it was not so is attributed to a misconception of the decision in the case of *King v. Wilson*, supra.

In the case of *King v. Wilson*, it appeared that Wilson sued Mrs. King for a sum of money. In the same action Wilson pleaded the money was loaned for use in the erection of improvements on the King homestead, and it was understood he was to have a mortgage to secure the loan. This claim was established against Mrs. King, Wilson was decreed to have an equitable mortgage on the premises, and the mortgage was foreclosed. King then commenced an action to enjoin sale under the decree, on the ground the land was a homestead. At the trial the only proof introduced regarding the nature of the obligation on which the judgment rested was the adjudication of the improvement claim contained in the judgment itself. On this proof an injunction was denied. This court held the adjudication did not bind King, because he was not a party to the suit and judgment against Mrs. King. Since there was no pertinent evidence bearing on the nature of the obligation—that is, bearing on the fact which determines exemption or nonexemption—the cause was remanded for a new trial, to find out whether or not an exception did exist rendering the homestead nonexempt from the threatened sale. The second paragraph of the syllabus of the decision clearly and fairly expressed the conclusion of the court. The phrases "on a claim for improvements" and "so far as the homestead exemption is concerned," were limitations carefully chosen. A further limitation, always implied, is that the language used referred to the controversy under decision. Restated, not to better but

to emphasize the former statement, the decision was that adjudication against the debtor spouse alone, in the action on the obligation, of the fact which determines nonexemption of the homestead, is not conclusive against the other spouse, who was not a party to the action, in a subsequent suit brought by the other spouse to enjoin sale of the homestead on the ground it is exempt.

In the opinion in *King v. Wilson,* misleading language employed in some earlier decisions was noted. Thus in the case of *Tyler v. Johnson,* 47 Kan. 410, 28 Pac. 198, it was held that if, in the suit on the obligation, the creditor go further and establish against the debtor—the husband—the fact that the obligation was one contracted for the erection of improvements, adjudication of the fact is binding on the husband's grantee. From general statements made it might be inferred that the adjudication would be binding generally—that is, on all persons, whether parties or privies to the judgment or not.

The creditor's right to sell the homestead rests on the fact that the obligation was contracted for the erection of improvements or the like, and not on adjudication of the fact. If the fact exist, he may proceed until his right is challenged; then he must prove the fact. The opinion in *King v. Wilson* made it clear that in such a case as this the wife's remedy lies in bringing an action of injunction in which she may challenge the creditor's right by pleading the homestead character of the property, and may be heard in opposition to the showing which the creditor must then make that the obligation was contracted for the erection of improvements, or for purchase money, or the like.

The judgment of the district court is reversed, and the cause is remanded with direction to enter judgment for the defendants.