Botello v. Tharp.

---

No. 26,570.

Mary Botello et al., *Appellants*, v. John H. Tharp, as Administrator of the Estate of H. Snyder, Deceased, et al., *Appellees*.

SYLLABUS BY THE COURT.

1. Homesteads — *Liabilities Enforceable Against — Obligations for Improvements.* In an action to set aside an administrator's deed on the ground that the real estate attempted to be conveyed was the homestead of minors and not liable for the payment of the debts of their father, the proceedings considered, and *held,* the probate court had jurisdiction to sell the property, even though it were a homestead, for the payment of obligations contracted for the erection of improvements thereon.

2. Executors and Administrators—*Sale Under Order of Court.* And further, the proceedings were regular and conveyed good title.

3. Aliens—*Rights to Take or Transmit Land by Descent.* In the absence of federal treaty or controlling statute, an alien can neither take land himself by descent nor transmit it to others.

Appeal from Reno district court; William G. Fairchild, judge. Opinion filed June 12, 1926. Affirmed.

*Carr W. Taylor,* of Hutchinson, for the appellants.

*Charles S. Fulton, W. A. Huxman* and *Don Shaffer,* all of Hutchinson, for the appellees.

The opinion of the court was delivered by

Hopkins, J.: The action was one to cancel an administrator's deed on the ground that the real estate attempted to be conveyed was a homestead. It was brought on behalf of four minors by Lus Castor, their grandfather, as their next friend. The defendants prevailed, and plaintiffs appeal.

The facts, substantially told by the court's findings, are as follows:

The court finds that Fred Apolonis Botello, a Mexican, departed this life on November 7, 1920, in the city of Hutchinson; that his wife

Aliens, 2 C. J. pp. 1057 n. 33, 1063 n. 70; 37 L. R. A. n. s. 108; L. R. A. 1915E, 327; 4 A. L. R. 1391; 11 A. L. R. 162; 17 A. L. R. 637. Executors and Administrators, 24 C. J. pp. 567 n. 18, 671 n. 72, 687 n. 84. Homesteads, 29 C. J. pp. 868 n. 68, 1012 n. 82. Judicial Sales, 35 C. J. p. 84 n. 97.

had died prior to his death; that he left surviving him four children, aged respectively eleven, six, four and three years; that Fred Apolonis Botello was born in Mexico, and when a child was brought by his parents into the United States, and for approximately twelve years prior to his death was a resident of Reno county; that all of the children (the plaintiffs) were born in Hutchinson; that Fred Apolonis Botello at the time of his death was the owner in fee simple of the property in controversy and was living upon and occupying it with his children at the time of his death, and he had no other place of residence; that the Fontron Loan and Trust Company of Hutchinson was, on November 24, 1920, appointed administrator of the estate of said Fred Apolonis Botello, deceased, and qualified as such administrator; that on said date the Fontron Loan and Trust Company was also appointed guardian of the estate of said minor children by the probate court of Reno county, and that said company duly qualified as such guardian; that the Snyder Lumber Company had a claim against the estate of said Fred Apolonis Botello, deceased, for the sum of $372.13 for lumber and material sold and furnished to him during his lifetime, for the purpose of making improvements upon said land, and said lumber and material so sold and furnished were used for the erection of improvements upon such real estate; that the Snyder Lumber Company made proof of its claim in the probate court, and same was allowed as a claim against the estate; that the administrator petitioned for the sale of the property to pay the debts of the deceased remaining unpaid, and that there was insufficient personal property for the purpose of paying said claims; that there was not sufficient personal property to pay the claim of the Snyder Lumber Company, and that the said property in controversy was sold, pursuant to an order of the probate court, to Snyder, for the sum of twelve hundred dollars, and an administrator's deed was executed by the administrator and approved by the court; that notice of said sale was given as provided and ordered by the probate court; that the said proceedings were regular in all respects, and that the probate court had full and complete jurisdiction of the parties and the subject matter.

The plaintiffs contend that the property in question was their homestead, and that the probate court was without jurisdiction to sell it. Defendants contend that the probate court had jurisdiction to sell the property to satisfy claims for improvements even though it were a homestead; that the sale by the probate court was regular

in all respects and conveyed good title; also that plaintiffs could not inherit through their alien father, and are therefore not in position to question the title of defendants.

The Snyder claim was one for materials and supplies furnished for improvements on the premises in controversy. It was allowed by the probate court and placed in class five. It was not improper for the claim to be so classed. The claim had not been reduced to judgment during the lifetime of the deceased, nor was it a claim that could have been properly placed in the other classes designated by the statute (R. S. 22-701). Placing it in class five deprived it of none of its force. Its owner still was entitled to have even the homestead sold for its payment. In *Hurd v. Hixon & Co.*, 27 Kan. 722, it was held that—

"There is no homestead exemption as against obligations contracted for the erection of improvements thereon.

"A judgment rendered upon an obligation contracted for the erection of improvements on a homestead is a lien on all the real estate of the judgment debtor, including the homestead, and if there be no personal property, such homestead may be sold to satisfy the judgment. [*Nichols v. Overacker,* 16 Kan. 54, 59; *Greeno v. Barnard,* 18 Kan. 518.]" (Syl. ¶¶ 1, 2. See, also, *King v. Wilson,* 95 Kan. 390, 148 Pac. 752.)

*Fudge v. Fudge,* 23 Kan. 416, presented a somewhat similar question. Adam Fudge was the owner of property which he occupied with his family as a homestead at the time of his death. After his death his widow and children continued to occupy the property as a homestead. During his lifetime Fudge and his wife executed a note and mortgage upon the homestead. After his death the holder of the note and mortgage sought foreclosure in the probate court. This was refused, but the amount of the note was allowed as a claim against the estate. Thereafter the administrator sold the homestead for the payment of the claim. The question arose, "Did the probate court have authority to sell the homestead for the payment of the claim?" This court held that—

"The probate court has jurisdiction to order the sale of the family homestead upon regular proceedings by the administrator, when it appears that all other property of the estate has been exhausted, and that there still remain unpaid claims allowed against the estate of those classes for payment of which the homestead is not exempt from sale.

"Such jurisdiction is not destroyed, nor such sale avoided, by the fact that some of the claims thus allowed and unpaid were improperly allowed, and were not collectible out of the homestead, or by the fact that the court made an order thereafter improperly distributing the proceeds." (Syl. ¶¶ 1, 2.)

Botello v. Tharp.

Plaintiffs contend that since the property was sold for twelve hundred and fifty dollars to pay a claim of three hundred and seventy-two dollars, that the balance of the proceeds was wrongfully used in the payment of other claims. Wrongful application of the proceeds would not affect the validity of the sale.

"Whether any other claims were properly chargeable against this land, or properly allowed against the estate, and whether the probate court ordered an improper distribution of the proceeds, is entirely immaterial. If there was one claim for which the court had jurisdiction to sell, that would sustain the sale." (*Fudge v. Fudge,* supra, p. 418.)

A contention that the sale by the probate court was not legal on account of an invalid notice cannot be sustained. (See *Taylor v. Hosick, Adm'r,* 13 Kan. 518.)

Complaint that the guardian made no defense to the sale and did not protect the interest of the minors cannot be sustained— first, because it appears that the guardian had no valid defense to the claim; and, second, the failure of the guardian to make a defense did not invalidate the sale (*Fudge v. Fudge,* supra) ; nor would the failure of the guardian to protect the interest of the minors in the proceeds of the sale affect the title of the purchaser to the property at the sale unless fraud or collusion were shown. Another reason why plaintiffs cannot prevail is that their father was an alien, and, in the absence of federal treaty or controlling statute, an alien can neither take land himself by descent nor so transmit it to others. No treaty with Mexico is shown by the record. In *Johnson v. Olson,* 92 Kan. 819, 821, 822, 142 Pac. 256, it was said in the opinion:

"Originally aliens and citizens were upon an equality in Kansas so far as the inheritance of property was concerned. The constitution provided that: 'No distinction shall ever be made between citizens and aliens in reference to the purchase, enjoyment or descent of property.' (Bill of Rights, § 17, Compiled Laws, 1885, § 99.)

"At the general election in 1888 this provision was stricken from the constitution and in its place a provision was inserted providing, among other things, that: 'The rights of aliens in reference to the purchase, enjoyment or descent of property may be regulated by law.' (Bill of Rights, § 17, Gen. Stat. 1909, § 99.)

.   .   .   .   .   .   .   .   .   .   .   .   .

"It is a settled principle of the common law that there can be no inheritance by, through or from an alien."

An alien can neither take nor cast upon others the title to real estate. His alienage raises a barrier through which title does not pass. (*Smith v. Lynch,* 61 Kan. 609, 60 Pac. 329; *State v. Ellis,* 72 Kan. 285, 83 Pac. 1045; *Cramer v. McCann,* 83 Kan. 719, 112 Pac.

832; *Lessee of Levy et al. v. McCartee*, 6 Pet. 101, 8 L. Ed. 334; *Blythe v. Hinckley*, 180 U. S. 333, 45 L. Ed. 557; *Jones v. Jones*, 234 U. S. 615, 58 L. Ed. 1500; *Beavan v. Went*, 155 Ill. 592, 31 L. R. A. 85.)

While the real estate in controversy was the property of Fred Apolonis Botello during his lifetime, it did not descend to his children, on account of his alienage. A contention by the plaintiffs that the provisions of R. S. 22-1315, 22-1316, allow them to take the property in question is not tenable, because of failure of Fred Apolonis Botello to make a declaration of his intention to become a citizen.

We conclude that the sale of the property in controversy by the probate court was regular, that the title was transferred to the defendant Snyder, and that the plaintiffs, as heirs of their alien father, were not in position to assert title in themselves.

The judgment is affirmed.