No. 33,888

James G. DeBolt, *Appellee*, v. David Sharp and Blanche Sharp, *Appellants*.

(80 P. 2d 1054)

Opinion filed July 9, 1938.

*David C. Bond*, of Concordia, for the appellants.
*Charles A. Walsh*, of Concordia, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: This action was originally for judgment on a note given for the balance of the purchase price of a lot from a bank and for forfeiture of a contract of purchase by reason of the failure to pay the note representing the balance of the purchase price.

The petition was attacked by various motions and demurrers of the defendants. The demurrer to the forfeiture cause of action of the petition was sustained and subsequent amended petitions were filed, so that the final pleading filed by the plaintiff is denominated second amended and supplemental petition. In one cause of action plaintiff sought judgment on the note, and in another an equitable foreclosure of the contract of purchase. To this pleading the defendant filed a verified answer denying certain matters and admitting others. The trial court sustained the motion of the plaintiff for judgment on the pleadings and rendered judgment on the note, making it a lien on the lot but denying a foreclosure, and from this ruling the defendants appeal.

A preliminary matter is presented by the defendants in the form of a motion for leave to amend their notice of appeal. This new notice of appeal has been served on the attorney for the appellee and adds to the one ground covered by the former notice, viz., appeal from the ruling on the motion for judgment on the pleadings, the earlier adverse rulings on the motions of defendants attacking the petition. Since the record shows the appeal from the final ruling

was taken in time under the provisions of chapter 268 of the Laws of 1937, the earlier rulings in the case are subject to review under section 5 of that chapter, and leave will be granted to include such rulings in the notice of appeal.

The second amended petition alleged that on March 18, 1922, the Farmers State Bank of Glasco, Kan., sold the lot in question to the defendants, who are husband and wife, for $1,050, for which the defendants paid $650 in cash and gave their note for $400, and they entered into a contract with the bank for the purchase of the lot; that the note was not paid, and another note and contract were substituted on June 5, 1926, for the first, which note and contract were not signed by the wife; that on November 18, 1931, another note and contract were substituted for the former, but were not signed by the wife, the note being for $400 and to become due and payable May 18, 1932. This last note and accompanying contract were the basis of the petition in this case, which was filed May 11, 1937, which was seven days less than five years after the note became due. The amended petition stated how the plaintiff, an individual, became the owner and holder of the note and contract, as well as the deed to the lot in question, for value after the bank went into the hands of a receiver; that the defendants went into possession of the lot when the first contract was made and that they have enjoyed the rents and profits thereof ever since, and refuse to surrender possession thereof. The amended petition concluded with a prayer for judgment on the note and for the foreclosure of the contract as an equitable mortgage.

The joint answer of the defendants "denies that the defendant wife entered into either the contract of June 5, 1926, or of November 18, 1931, or had any understanding with respect thereto; denies that plaintiff became or is the owner of the 1931 contract and note or the real estate; denies that defendant husband was ever requested by the bank or plaintiff for payment; denies that any demand for surrender and possession was ever made on defendants; denies that there was ever a tender of performance by plaintiff or his alleged predecessors in interest; denies that they owe the sum of money demanded; and admits all other allegations." It then alleged that the receiver's sale to the plaintiff had never been confirmed by any court of competent jurisdiction.

The wife filed a separate answer in which she denied that she had anything to do with the last two notes and contracts and that

she had ever consented to the same. She stated therein that she, her husband and family went into possession of the lot involved immediately after the making of the note and contract dated March 12, 1922, and have been in possession thereof ever since, and she prayed that the real property be adjudged to be her homestead.

As above stated, the trial court sustained the motion of the plaintiff for judgment on the pleadings, rendering judgment for plaintiff against the husband on the note with interest and costs, and denying plaintiff any mortage foreclosure and the defendants any homestead exemptions, but making the indebtedness of the husband on the note a judgment lien against the premises for the payment of the obligation contracted for the purchase thereof.

Aside from the question of the rights of the plaintiff as a purchaser from the receiver of the bank, which will be considered later, there can be no question under the pleadings as to the right of the plaintiff to recover a judgment against the husband for the amount of the note signed by him together with interest and costs. The trial court declined to render judgment for plaintiff on his motion for judgment on the pleadings as to plaintiff's second claim for mortgage foreclosure, and plaintiff has taken no appeal. So the ruling on the foreclosure feature of the case is in favor of the appellants and therefore calls for no review. However, appellants complain of the order making the judgment against the husband a judgment lien on the premises in derogation of the wife's homestead right.

Appellants cite G. S. 1935, 79-3101, which defines the words "mortgage of real property" as including every instrument by which a lien is created, and insist if any lien is created by the note and contract of the husband it must be a mortgage lien under this defi‑ nition, and appellants further cite in this connection *Phoenix Mutual Life Ins. Co. v. Aby,* 144 Kan. 544, 61 P. 2d 915, and *Home Owners' Loan Corp. v. Jaremko,* 146 Kan. 328, 69 P. 2d 1099. Both these cases had to do with mortgages really executed; in the latter case there was no mortgage at first, but only an option as in the case at bar, but before the action was commenced a mortgage was executed and the prayer of the petition was for foreclosure. The real ques‑ tion of dispute in both cases was the extent of the period of redemption.

Appellants also cite *Ditzen v. Given,* 139 Kan. 506, 32 P. 2d 448,

where an action was brought for specific performance of a contract for purchase of real property and because of the contract containing a special provision as to performance in case of purchaser collecting a certain obligation due him, which he later did collect, it was held by this court that such addition made it a contract for the sale of real estate even though it was called an option to purchase. The case was not reversed on that ground because that was the same as the ruling made by the trial court, but it was reversed on the ground of not complying with the provisions of G. S. 1935, 79-3107, the mortgage-registration tax law. That case, however, differs from the one at bar in that the wife in the latter case did not join in the contract of purchase or option, whichever it may be called. The wife in the case at bar alleged in her answer that she never did join in the execution of the note and contract on which the plaintiff's action was based and that they were executed by her husband without her knowledge or consent. So this could not be a mortgage-foreclosure case, as it was held to be in the Given case.

In the case of *Walz v. Keller*, 102 Kan. 124, 169 Pac. 196, it was held:

"A homestead right attaches to land obtained under a contract of purchase where the purchaser and his wife occupy the land as a residence, and a new contract modifying the contract of purchase and stipulating for a surrender of possession in certain events, and also a contract of lease executed between the purchaser and the seller, none of which were signed by the wife and to which she gave no consent, are absolutely void." (Syl. ¶ 1.)

Section 9, article 15, of the constitution of Kansas provides for homestead exemption, but follows the provision with the following words: "and shall not be alienated without the joint consent of husband and wife, when that relation exists; but no property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises." This identical language is used in the statute on exemptions, under the head of civil procedure, G. S. 1935, 60-3501.

In the case of *Greeno v. Barnard*, 18 Kan. 518, it was held, after reversing the lien part of a judgment, that—

"The judgment in such a case should be an ordinary personal judgment against the defendant for the amount of the note, and costs, authorizing an ordinary execution to be issued against the property in general of the judgment-debtor subject to execution; and on such an execution the officer, after exhausting the personal property of the judgment-debtor subject to execution, might levy on such real estate (or on any other real estate of the judgment-

debtor subject to execution) whether the real estate first mentioned were occupied as a homestead or not." (Syl. ¶ 2.)

The trial court in the case at bar in effect followed the holding last above cited in rendering a judgment against the husband on his note and giving appellee no lien except such as it would have as a judgment where there were no homestead exemptions.

The appellants cite authorities as to amendments to petitions not relating back to the filing of the original petition when made after the statute of limitations had run. But they apply only to cases where the original petition did not state a cause of action. A cause of action was fully stated as to the suit on the note. The amendments made did not apply to that cause of action but to the foreclosure cause of action. Now, since no foreclosure has been sustained, that assignment of error becomes immaterial in this appeal.

The fifth and seventh subdivisions of appellants' brief concerning the necessity of pleading a tender of the deed before foreclosure and the wife's right of homestead are also immaterial when there was no foreclosure, and under the constitution above quoted the wife had no right of homestead when the obligation for the purchase thereof has not been met in some way.

Appellants complain about the plaintiff acquiring title to the note, contract and deed from the receiver of the bank without such sale ever being confirmed by the court. The journal entry of judgment shows both parties stipulated that the proceedings in the receivership case should be introduced in evidence and considered by the court, and they show that on the same day the report of the receiver as to the sale of the assets of the bank was submitted for approval, there was also submitted to the court for approval the offer of the plaintiff herein for the purchase of the note, contract and deed in this case for a specified amount, and the court approved the offer and directed "the receiver to assign all of his right, title and interest in and to said agreement and promissory note and to sell and by proper instruments of conveyance, convey, all his right, title and interest in and to said real estate, as prayed for." We think this was equivalent to a formal approval.

The earlier rulings which appellants claim were erroneous and which we hold can be reviewed herein, although not mentioned in the first notice of appeal, were the overruling of defendant's demurrer to the amended petition, except that part concerning a forfeiture which the court did sustain, and a number of motions. The

demurrer was properly overruled as to the note and later the court followed the theory of the appellants in rendering the judgment holding there was no foreclosure properly in the action. The two motions particularly urged as to additions to the petition were concerning the mortgage-registration tax which, as mentioned before, went out of the case when it ceased to be a foreclosure action.

We find no error in the judgment as rendered.

The judgment is affirmed.