No. 37,112

SIDNEY DePRIEST, *Appellee,* v. J. L. RANSOM, *Appellant.*

(193 P. 2d 191)

Opinion filed May 8, 1948.

*P. A. Townsend,* of Topeka, argued the cause, and was on the briefs for the appellant.

*E. S. Hampton,* of Salina, argued the cause, and *B. I. Litowich, LaRue Royce, H. H. Dunham, Jr., John Q. Royce* and *H. G. Engleman,* all of Salina, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This appeal is from the denial of a motion to dissolve a garnishment and the rendition of a judgment against a garnishee.

On or about the 18th day of July, 1929, Sidney DePriest filed an action in the district court of Saline county against J. L. Ransom, a resident of Shawnee county. In his petition he alleged he had performed labor in the constructing and completion of two

dwelling houses located in the city of Topeka, one at 2251 Topeka boulevard and the other at 1813 Jefferson street, under contract with Ransom who was the owner of both properties. He further alleged that as a result of such service Ransom became indebted to him in the sum of $546, of which the sum of $175.25 had been paid, and that the balance due him on the date of the filing of such pleading was $370.25, for which he prayed judgment.

It appears, although definite statements to that effect are not found in the record, that following the institution of the action in Saline county Ransom was either personally served with summons or entered his appearance and filed answer denying the petition. At any rate issues were joined and the cause was tried by a jury which returned a verdict in favor of DePriest for $325 with interest at six percent from September 20, 1927. Thereafter, the district court of Saline county rendered a simple money judgment against Ransom for the amount of the verdict. The decree contains nothing from which it can be determined what portion of the judgment was predicated upon the obligation incurred by Ransom for the construction of the property located at 2251 Topeka boulevard and is entirely silent on the subject whether any part thereof was based upon an obligation contracted by him for the erection of improvements on his homestead. Such judgment has never been paid but it was kept alive by the issuance of executions from time to time and is conceded to have been in full force and effect on all dates herein involved.

In 1946, by appropriate proceedings, the city of Topeka condemned the residential property owned and occupied by J. L. Ransom at 2251 Topeka boulevard, and thereafter deposited with the city treasurer the amount awarded him by a board of appraisers for the value of the property so taken and the damages caused to the remainder as the result of its appropriation.

About June 26, 1947, DePriest caused a garnishment summons to be issued out of the district court of Saline county and served on the city treasurer of Topeka. In due time that official filed an answer setting forth the conditions and circumstances under which he was holding the money paid him for and on behalf of Ransom as a result of the condemnation proceedings and alleging that the property so condemned was a residential property owned and occupied by Ransom. Subsequently, Ransom filed a motion to dissolve the garnishment and discharge the garnishee wherein he al-

leged that the money garnisheed and in the hands of the city treasurer was exempt because it consisted of proceeds of property owned and occupied by him as a homestead and was necessary for his use in obtaining another homestead or repairing the one practically destroyed as the result of the condemnation, and charged that such money was in *custodia legis* and therefore, being the proceeds of exempt property, was not subject to garnishment.

To the motion to dissolve garnishment DePriest filed an answer stating in substance that his judgment was for work and labor performed in the construction of the identical property occupied by Ransom as a residence and claimed by him as a homestead and that on account of such fact not only the property itself but the proceeds payable by reason of the condemnation thereof were not exempt from satisfaction of such judgment under and by virtue of the garnishment proceedings.

In due time the trial court proceeded to try the garnishment issues. There was not much dispute in the testimony. Without going into detail it may be said no one can deny the evidence disclosed facts substantially as heretofore related with respect to the rendition of the judgment in Saline county in 1929 and the conditions and circumstances under which the money garnisheed was being held by the city treasurer. It can likewise be stated the parties concede: That the residential property, described in the petition of the action in which the original judgment was obtained as located at 2251 Topeka boulevard, is the same property as that condemned by the city; that on the date of its condemnation, and for a long time prior thereto, such property had been occupied by Ransom, who was a married man, as the family homestead; and that the money held by the city treasurer and garnisheed by DePriest was money derived from the sale of such homestead.

Other evidence presented at the trial of the garnishment issue consisted of uncontroverted testimony (1) by Ransom to the effect that construction of the property at 2251 Topeka boulevard was completed in 1927, that since that time it had been occupied as the family homestead and that proceeds of its sale under the condemnation proceedings were necessary to and would be used in its repair and restoration as a homestead, and (2) by DePriest to the effect he had performed work on two houses in Topeka, that he had been paid for the work performed on the house at 1813 Jefferson street and that the entire amount of his judgment, as rendered in

1929, was for work performed by him during the construction of Ransom's home at 2251 Topeka boulevard.

Based on the foregoing facts, as disclosed by the record, the trial court rendered judgment denying the motion to dissolve the garnishment and discharge the garnishee and directing the garnishee to pay to the clerk of the district court of Saline county, out of the proceeds of the condemnation money held by him under the conditions heretofore related, an amount sufficient to satisfy DePriest's judgment together with interest at six percent from the date of its rendition and all costs of the action in which that judgment was rendered. Thereupon Ransom perfected this appeal.

At the outset of his argument in support of the judgment appellee asserts the question involved is whether proceeds of the condemnation of a homestead can be garnisheed and applied to the payment of a judgment rendered for labor performed in the construction of such homestead. The question is too broadly stated. We believe it should be thus stated: Under conditions and circumstances disclosed by the record in the instant case can the proceeds of the condemnation of a homestead be garnisheed and applied to the payment of a simple judgment, rendered for labor performed in the construction of that homestead and another residential property, when such judgment fails to reveal what portion thereof is for obligations contracted by the judgment debtor for the erection of improvements on his homestead.

There can be no question that in this jurisdiction under our constitution (art. 15, sec. 9), our statute (G. S. 1935, 60-3501), and our decisions (*Nichols v. Overacker,* 16 Kan. 54; *Greeno v. Barnard,* 18 Kan. 518; *Hurd v. Hixon & Co.,* 27 Kan. 722; *Tyler v. Johnson,* 47 Kan. 410, 28 Pac. 198; *King v. Wilson,* 95 Kan. 390, 395, 148 Pac. 752; *Botello v. Tharp,* 121 Kan. 229, 246 Pac. 521; *DeBolt v. Sharp,* 148 Kan. 298, 80 P. 2d 1054, and many other cases which could be cited), in the absence of waiver or other circumstances giving them force and effect, homestead exemptions do not exist against the payment of obligations contracted for the purchase of real estate or for the erection of improvements thereon, irrespective of the nature or character of such real estate. It has also been held that with respect to a claim, based upon contract for the purchase price of real estate (*Greeno v. Barnard,* supra; *Witt v. Boothe,* 98 Kan. 554, 558, 158 Pac. 851), likewise an obligation contracted for the erection of improvements thereon (*Hurd v. Hixon & Co.,* 27 Kan. 722, 726), the

rendition of a simple judgment, without reference to its basic component, authorizes the issuance of an ordinary execution, under which there may be a levy upon and sale of real estate occupied as a homestead provided personal property of the judgment debtor subject to execution has first been exhausted. We point out, however, that if the right to so proceed under such a judgment is challenged the person asserting that right must prove it (*King v. Wilson,* supra; *Witt v. Boothe,* supra; *Carter v. Silo Co.,* 106 Kan. 342, 344, 187 Pac. 656). Likewise it should be noted that under our decisions exceptions to the constitutional and statutory homestead exemption are to be strictly construed in favor of the one claiming the exemption (*Manufacturing Co. v. Haughton,* 97 Kan. 528, 530, 155 Pac. 1078; *Dotson-Murray Fruit Co. v. Leibrand,* 143 Kan. 72, 75, 53 P. 2d 48), and that such exceptions may not only be waived by those having a right to assert them but that after their waiver they are barred and regarded as nonexistent when the homestead right is claimed. (*Wagner v. Downey,* 151 Kan. 505, 99 P. 2d 761.)

Thus, with full recognition of the legal principles to which we have referred, we approach decision of the question heretofore stated.

We readily concede there is much that is confusing in our decisions on the subject whether obligations contracted for the purchase of or erection of improvements on the homestead when reduced to judgment are regarded as purchase money or improvement liens, judgment liens on all real estate, or as merely conferring the right on procuring creditors to proceed against a homestead notwithstanding its status as such. The same is true of our cases dealing with what must be included in the terms of such a judgment in order to successfully invoke the exceptions to homestead exemption rights mentioned in our constitution and statute. Even so we are not called upon here, nor do we propose, to reconcile discrepancies or inconsistencies in those decisions except as they may have application to the facts presented by the instant record, namely a situation where it is claimed that a simple judgment, based upon a record which shows upon its face such judgment is for an obligation contracted for the erection of improvements upon two houses, one a homestead and the other not, and rendered at a time when it is uncontroverted the homestead was being occupied by the judgment debtor as such, is to be regarded as within the constitutional and statutory exception to the assertion of the homestead right and therefore enforceable against the homestead property.

Heretofore we have called attention to decisions holding that a simple judgment, based on a claim for the erection of improvements upon the homestead alone even though that judgment contains no reference to the nature of the claim on which it is founded, is to be regarded as collectable under execution by sale of the homestead property. Limited to actions—like the case at bar—where the judgment is founded upon a claim for improvements on two houses, one of them being the family home occupied by the debtor on the date of its rendition, and the decree does not set out or specify what part of the judgment is for improvements on such property, we do not believe such decisions are controlling or decisive. The concession, we freely make, that there is some loose language to be found therein which may be construed as giving rise to an inference that so long as any portion of a judgment is based upon improvements such portion may be established in a subsequent or collateral proceeding and satisfied by proceeding against the homestead, does not shake our conclusion. The reasoning behind all of such decisions is that judgments based upon claims against the homestead only, even though silent on that point, may be explained without impeachment of such decree. There is no room for application of that principle where, from the fact of the record—as here—it appears the judgment creditor has permitted the rendition of an aggregate judgment on two or more claims. Attempts to establish the components of such a judgment are more than explanatory. If allowed their effect would be to impeach or contradict the judgment, a result never permitted in a subsequent or collateral proceeding.

Our attention is not directed to any decision in this jurisdiction holding that a judgment of the character just mentioned may be satisfied, either in whole or in part, by resort to the homestead and our search of such decisions fails to reveal any that can be so construed. For that matter, it should be said in all frankness, we find none to the contrary. Be that as it may, we are now constrained to hold that where an action is commenced to recover an obligation contracted for the erection of improvements on two houses, one a homestead and the other not, the party bringing that action waives the right to subject the homestead to the payment of any part of either claim unless he obtains a judgment which, by its terms, in effect recites that such judgment is in part based upon an obligation for the erection of improvements on the homestead and states the amount found to be due for such improvements. We hold further

that failure to do so, followed by acquiescence in the rendition of a simple judgment on such claims, bars assertion of the exception to the constitutional and statutory homestead exemption when the exemption right is claimed by the judgment debtor. Moreover, we also hold that such a judgment cannot be impeached in a subsequent proceeding, as appellee here attempts, by showing that it is founded upon something other than that appearing upon the face of the record of the action in which it is rendered. Having so concluded, since appellee's right to have his judgment satisfied out of the homestead property by virtue of the exemption exception was barred and it cannot be denied appellant established such property was his homestead and claimed it as exempt, it follows the judgment denying the motion to dissolve the garnishment and discharge the garnishee was erroneous. The provisions of G. S. 1947 Supp. 60-965 expressly exempt the proceeds of exempt property from garnishment when held in *custodia legis*.

The rule herein announced works no hardship on the vigilant creditor. He may protect his right to assert the constitutional and statutory exception against a claim of homestead exemption by insisting upon a judgment specifying that a portion thereof, stating its amount, is for the erection of improvements on the homestead. Of a certainty when applied in the instant case the result is consistent with appellee's own course of conduct. So far as the record shows he sat idly by for more than nineteen years after the date of the rendition of his judgment, although the property, the proceeds of which he now seeks to hold under garnishment was owned by the appellant all of the time, failing to indicate an intention to assert such judgment against the homestead, as the statute permits (G. S. 1935, 60-3406) by issuance of an execution to the sheriff of Shawnee county or by attempting to make it a lien on such property (G. S. 1935, 60-3126) by the filing of an attested copy thereof in the office of the clerk of the district court of such county or as the statute and decisions require (G. S. 1935, 60-3408; *Koehler v. Ball, et al.*, 2 Kan. 160; *Greeno v. Barnard*, 18 Kan. 518, 521; *Hurd v. Hixon & Co.*, supra) by first exhausting appellant's personal property under execution before attempting to subject his homestead to levy and sale under such proceeding. Instead, he waited until appellant's homestead was taken by condemnation and then attempted to appropriate money paid for its destruction in this proceeding.

The judgment denying the motion to dissolve the garnishment and discharge the garnishee and the judgment against the garnishee is reversed with directions to sustain such motion and discharge the garnishee.